Filed 1/29/15

# IN THE SUPREME COURT OF CALIFORNIA

| | | |
|---|---|---|
| AVERY RICHEY, | ) | |
| | ) | |
| Plaintiff and Appellant, | ) | |
| | ) | S207536 |
| v. | ) | |
| | ) | Ct. App. 2/7 B234711 |
| AUTONATION, INC., et al., | ) | |
| | ) | Los Angeles County |
| Defendants and Respondents. | ) | Super. Ct. No. BC408319 |
| _____ | ) | |

An employer terminated an employee who was absent on approved medical leave, but engaged in outside employment in violation of company policy. After an 11-day arbitration hearing, the arbitrator relied on the federal "honest belief" defense and rejected the employee's claim that the employer violated the employee's right to reinstatement under the Moore–Brown–Roberti Family Rights Act (CFRA) (Gov. Code, §§ 12945.1, 12945.2) and its federal counterpart, the Family and Medical Leave Act of 1993 (FMLA) (29 U.S.C. §§ 2601–2654). The trial court confirmed the arbitrator's award, but the Court of Appeal vacated the award in the employer's favor.

We granted review to determine whether, in the absence of an express agreement between the parties, courts may review and vacate (or correct) an arbitration award involving both an employee's unwaivable statutory rights and an employer's written policy forbidding outside employment while on leave. We conclude that although the arbitrator may have committed error in adopting a

defense untested in our court, any error that may have occurred did not deprive the employee of an unwaivable statutory right because the arbitrator found he was dismissed for violating his employer's written policy prohibiting outside employment while he was on medical leave. Accordingly, we reverse the Court of Appeal's judgment.

## FACTS AND PROCEDURAL BACKGROUND

In 2004, defendant Power Toyota Cerritos (Power Toyota), part of the AutoNation, Inc., consortium of automobile dealerships, hired plaintiff Avery Richey (plaintiff) as an at-will employee. Plaintiff received an employment manual noting that outside work while on approved CFRA leave was prohibited. There was also a general understanding at Power Toyota that outside employment of any kind, including self-employment while on approved leave, was against company policy and that others had been fired for violating this rule.

As a condition of his hiring, plaintiff signed an agreement requiring that any employment dispute be settled by arbitration. All disputes between Power Toyota and its employees were decided this way. In relevant part, the arbitration agreement stated: "Resolution of [disputes] shall be based solely upon the law governing the claims and defenses set forth in the pleadings and the arbitrator may not invoke any basis (including, but not limited to notions of 'just cause') other than such controlling law." The agreement did not include an express provision stating that courts could review any arbitration award for legal error. (See *Cable Connection, Inc. v. DIRECTTV,* Inc. (2008) 44 Cal.4th 1334, 1355 (*Cable Connection*) [parties to arbitration may agree that an award is reviewable for legal error].) The agreement did require the arbitrator to include a "written reasoned opinion" with his decision, which "shall be final and binding upon the parties."

Around October 2007, plaintiff began work on plans to open a local seafood restaurant. He bought equipment and leased a site for the restaurant,

2

which opened in February 2008. Plaintiff marketed his restaurant with sample menus and business cards while still working full time at Power Toyota. Plaintiff's supervisors at Power Toyota, concerned that the restaurant was distracting him, met with him in February 2008 to discuss performance and attendance issues. The supervisors testified that plaintiff had become distracted and was "a bit off his game."

On March 10, 2008, plaintiff injured his back while moving furniture at his home. Plaintiff's physician informed Power Toyota that plaintiff was medically unable to work. On March 21, 2008, plaintiff filed for leave under the CFRA and FMLA. Power Toyota granted plaintiff's medical leave and extended it on multiple occasions.

On April 11, 2008, a supervisor sent plaintiff a letter stating that employees were not allowed to pursue outside employment while on leave and that plaintiff should call if he had any questions. Plaintiff ignored the letter, never called his employer, and thus never explained how his activity was consistent with his medical leave. Despite his employer's expression of concern, plaintiff claims that he chose to ignore the letter's invitation to communicate with his employer because he felt that it misstated company policy. Plaintiff also contends that the policy did not apply to him because he had not accepted employment with another company, but rather was working as the owner of his own business.

On April 18, 2008, in response to information that plaintiff was working at his restaurant while on leave, Power Toyota dispatched an employee to observe the restaurant. The employee testified seeing plaintiff sweeping, bending over, and hanging a sign using a hammer. Other Power Toyota employees testified that plaintiff was working the front counter. Plaintiff himself admitted to having handled orders and answering the phone at the restaurant while on leave, but claimed that these tasks were within the limited light duties his doctor authorized.

3

Power Toyota terminated plaintiff on May 1, 2008. Plaintiff's medical leave was set to expire on May 28, 2008. In its termination letter, Power Toyota stated that it dismissed plaintiff for engaging in outside employment while on a leave of absence, in violation of company policy.

After receiving a right-to-sue letter from the Department of Fair Employment and Housing, plaintiff filed a complaint in superior court against Power Toyota and its parent companies, including AutoNation, Inc., Webb Automotive Group, Inc., and Mr. Wheels, Inc., and his direct supervisor, Rudy Sandoval (defendants), alleging multiple claims under the California Fair Employment and Housing Act (FEHA) (Gov. Code § 12900 et seq.) and the CFRA. The claims included racial discrimination, harassment, retaliation for taking approved leave under the CFRA, and failure to reinstate following CFRA leave. The trial court granted defendants' motion to compel arbitration.

The arbitrator, a retired judge with 20 years of experience on the bench, conducted an 11-day arbitration hearing. He rejected each of plaintiff's contentions in a 19-page written order. First, he denied plaintiff's claims of racial discrimination and harassment, finding the conditions of plaintiff's employment did not constitute a hostile work environment. Plaintiff did not appeal the arbitrator's decision as to those claims. With regard to the plaintiff's claims under the CFRA and the FMLA at issue here, the arbitrator framed the legal issue under both statutes as "whether the law provides a protective shell over [plaintiff] that bars his termination until he is cleared to return to work by his physician, or does the law allow an employer to let an employee go, while on approved leave, for other non-discriminatory reasons?" (Italics omitted.) The arbitrator found that although the employee manual was "poorly written," "there was a general understanding at Power Toyota that outside employment was against company policy and others had been terminated for violating this rule." He concluded that

4

"case law . . . allows Power Toyota to terminate Mr. Richey if it has an 'honest' belief that he is abusing his medical leave and/or is not telling the company the truth about his outside employment."  He also found that "the weight of the evidence is overwhelming that Power Toyota fired Mr. Richey for non-discriminatory reasons.  His CFRA/FMLA status is not an absolute bar to termination.  His medical leave status does not protect Mr. Richey from smart decisions, or bad ones, made by Power Toyota, so long as the basis for the decision is legally proper."

Plaintiff sought to vacate the award in part.  His asserted limited ground was that the arbitrator committed reversible legal error because he exceeded his powers when he accepted defendants' honest belief defense as to plaintiff's medical condition.  Defendants moved to confirm the award.  The trial court denied plaintiff's motion to vacate the award, finding that "[t]he fact that the arbitrator may have applied the wrong legal standard does not constitute grounds to vacate the Final Award."  Plaintiff appealed, alleging that Power Toyota violated his right to be reinstated in the same or a comparable employment position following his leave, as the CFRA required.

The Court of Appeal reversed the trial court's judgment, concluding that the arbitrator violated plaintiff's right to reinstatement under the CFRA when he applied the honest belief defense to plaintiff's claim.  We granted defendants' petition for review.

DISCUSSION

California law favors alternative dispute resolution as a viable means of resolving legal conflicts.  "Because the decision to arbitrate grievances evinces the parties' intent to bypass the judicial system and thus avoid potential delays at the trial and appellate levels, arbitral finality is a core component of the parties' agreement to submit to arbitration."  (*Moncharsh v. Heily & Blase* (1992) 3

5

Cal.4th 1, 10 (*Moncharsh*).) Generally, courts cannot review arbitration awards for errors of fact or law, even when those errors appear on the face of the award or cause substantial injustice to the parties. (*Id*. at pp. 6, 28.) This is true even where, as here, an arbitration agreement requires an arbitrator to rule on the basis of relevant law, rather than on principles of equity and justice. (*Cable Connection*, *supra,* 44 Cal.4th at p. 1360 ["A provision requiring arbitrators to apply the law leaves open the possibility that they are empowered to apply it 'wrongly as well as rightly.' "]; see *City of Richmond v. Service Employees Intern. Union, Local 1021* (2010) 189 Cal.App.4th 663, 669, fn.1 ["The arbitration provision here, reciting generally that the arbitrator 'shall . . . make no decisions in violation of existing law' is a standard arbitration provision that does not provide for [judicial] review."].)

The California Arbitration Act (Code Civ. Proc., § 1280 et. seq.) and the Federal Arbitration Act (9 U.S.C. § 10 et seq.) provide limited grounds for judicial review of an arbitration award. Under both statutes, courts are authorized to vacate an award if it was (1) procured by corruption, fraud, or undue means; (2) issued by a corrupt arbitrator; (3) affected by prejudicial misconduct on the part of the arbitrator; or (4) in excess of the arbitrator's powers. (Code Civ. Proc., § 1286.2, subd. (a); 9 U.S.C. § 10 (a).) An award may be corrected for (1) evident miscalculation or mistake; (2) issuance in excess of the arbitrator's powers; or (3) imperfection in the form. (Code Civ. Proc., § 1286.6; 9 U.S.C. § 11.) Our analysis concerns whether the arbitrator acted in excess of his powers when he rejected plaintiff's claim. (Code Civ. Proc., § 1286.2, subd. (a)(4).)

Arbitrators may exceed their powers by issuing an award that violates a party's unwaivable statutory rights or that contravenes an explicit legislative expression of public policy. (See, e.g., *Board of Education v. Round Valley Teachers Assn.* (1996) 13 Cal.4th 269, 272-277 [arbitrator exceeded powers by

6

giving effect to collective bargaining provisions that violated statutory rights in Ed. Code]; *California Dept. of Human Resources v. Service Employees Internat. Union, Local 1000* (2012) 209 Cal.App.4th 1420, 1434 [arbitrator lacked power to make an award that violated explicit public policy favoring legislative oversight of state employee contracts when he interpreted a memorandum of understanding between union and state to require salary increases the Legislature did not approve].)  However, " '[a]rbitrators do not ordinarily exceed their contractually created powers simply by reaching an erroneous conclusion on a contested issue of law or fact, and arbitral awards may not ordinarily be vacated because of such error . . . .' " (*Cable Connection, supra,* 44 Cal.4th at p. 1360.)

We first explored "narrow exceptions" to the "general rule that . . . an arbitrator's decision cannot be reviewed for errors of fact or law" in *Moncharsh, supra,* 3 Cal.4th at page 11.  *Moncharsh* noted that judicial review may be warranted when a party claims that an arbitrator has enforced an entire contract or transaction that is illegal.  (*Id.* at p. 32, citing *Loving & Evans v. Blick* (1949) 33 Cal.2d 603, 609 [arbitrator could not enforce contract that otherwise would have been void under state law because contractor was unlicensed] and *All Points Traders, Inc. v. Barrington Associates* (1989) 211 Cal.App.3d 723, 738 [holding that arbitrator could not enforce contract awarding commission to unlicensed real estate broker in violation of state law].)  *Moncharsh* observed that in the absence of an express written accord in the arbitration agreement, arbitrators may decide cases based on " 'broad principles of justice and equity.' " (*Moncharsh, supra,* 3 Cal.4th at p. 10.)  The court acknowledged that there may be "exceptional circumstances justifying judicial review of an arbitrator's decision when a party claims illegality affects only a portion of the underlying contract.  Such cases would include those in which granting finality to an arbitrator's decision would be

7

inconsistent with the protection of a party's statutory rights." (*Moncharsh, supra,* 3 Cal.4th at p. 32.)

In *Armendariz v. Foundation Health Psychcare Services, Inc.* (2000) 24 Cal.4th 83 (*Armendariz*), we considered the judicial review of arbitration awards involving parties' unwaivable statutory rights. An employee seeking to avoid arbitration argued that the limited scope of judicial review of arbitration awards rendered the vindication of rights under the FEHA illusory because "the arbitrator is essentially free to disregard the law." (*Armendariz, supra,* 24 Cal.4th at p. 106.) Because *Armendariz* arose from a Court of Appeal decision compelling the parties to arbitrate, and not from an actual arbitration award, we decided that it was not the "occasion to articulate precisely what standard of judicial review is 'sufficient to ensure that arbitrators comply with the requirements of [a] statute.' [Citation.]" (*Id.* at p. 107.) We simply stated that "for such judicial review to be successfully accomplished, an arbitrator . . . must issue a written arbitration decision that will reveal, however briefly, the essential findings and conclusions on which the award is based." (*Ibid.*)

Most recently, we revisited the standard of review for arbitration awards involving unwaivable statutory rights in *Pearson Dental Supplies, Inc. v. Superior Court* (2010) 48 Cal.4th 665 (*Pearson Dental*). There, an arbitrator committed a "clear error of law" by misapplying a relevant tolling statute and incorrectly holding that an employee's claim was time-barred, thus depriving the plaintiff of a hearing on the merits. (*Id.* at p. 670.) *Pearson Dental* recognized that the tolling provision of Code of Civil Procedure section 1281.12 applied to the case. We held that when "an employee subject to a mandatory employment arbitration agreement is unable to obtain a hearing on the merits of his FEHA claims, or claims based on other unwaivable statutory rights, because of an arbitration award based on legal

8

error, the trial court does not err in vacating the award." (*Pearson Dental*, at p. 680.)

Pearson Dental, however, recognized its limited application. Despite being "faced precisely with the question that was prematurely posed in *Armendariz*, i.e., the proper standard of judicial review of arbitration awards arising from mandatory arbitration employment agreements that arbitrate claims asserting the employee's unwaivable statutory rights" (*Pearson Dental, supra,* 48 Cal.4th at p. 679), we observed that the legal error that occurred actually denied the plaintiff a hearing on his claim's merits. The arbitrator "misconstrued the procedural framework under which the parties agreed the arbitration was to be conducted, rather than misinterpreting the law governing the claim itself" (*id.* at pp. 679-680), a distinction that explained the narrow application of our holding and one that also guides the scope of our review here. *Pearson Dental* emphasized that its legal error standard did not mean that all legal errors are reviewable. (*Id.* at p. 679.) The arbitrator had committed clear legal error by (1) ignoring a statutory mandate, and (2) failing to explain in writing why the plaintiff would not benefit from the statutory tolling period. The error addressed in *Pearson Dental* therefore kept the parties from receiving a review on the merits. Its narrow rule was sufficient to resolve the case. (*Ibid.*) Plaintiff here has not advocated for a greater scope of judicial review in cases involving unwaivable statutory rights, and thus, there is no reason to go beyond the framework *Pearson Dental* established. Before discussing the arbitrator's decision, however, we first provide background on the right plaintiff seeks to vindicate under the CFRA. [1]

---

[1]     As the Court of Appeal recognized, the question whether the arbitrator exceeded his powers and thus whether we should vacate his award on that basis is generally reviewed on appeal de novo. (*Reed v. Mutual Service Corp.* (2003) 106

*(Footnote continued on next page.)*

9

1. *The CFRA*

The CFRA was enacted in 1991 as a state counterpart to the FMLA.  Its purpose is to allow employees to take leave from work for certain personal or family medical reasons without jeopardizing their job security.  (See *Nelson v. United Technologies* (1999) 74 Cal.App.4th 597, 606.)  The CFRA has two principal components:  a right to leave of up to 12 weeks in any 12-month period to care for a family member or for the employee's own medical condition (Gov. Code, § 12945.2, subds. (a), (c)(2)(A)), and a right to reinstatement in the same, or a comparable, position at the end of the leave.  (Gov. Code, § 12945.2, subd. (a).)

The right to reinstatement is unwaivable but not unlimited.  Employers must not deny employees reinstatement "unless the refusal is justified by the defenses stated in section 11089(c)(1) and (c)(2)."  (Cal. Code Regs., tit. 2, § 11089, subd. (a).)  Section 11089, subdivision (c)(1) states in part :  "An employee has no greater right to reinstatement or to other benefits . . . of employment than if the employee had been continuously employed during the CFRA leave period."  This defense is qualified, however, by the requirement that "[a]n employer has the burden of proving, by a preponderance of the evidence, that an employee would not otherwise have been employed at the time reinstatement is requested in order to deny reinstatement."  (Cal. Code Regs., tit.

---

*(Footnote continued from previous page.)*

Cal.App.4th 1359, 1365 [whether arbitrator exceeded contractual powers in making award is a question of law].)  We decline to rule on defendants' suggestion that this court adopt the "manifest disregard" standard of review recognized by some federal courts in reviewing arbitration awards, given the limited nature of our holding here.  (See, e.g., *Collins v. D.R. Horton, Inc.* (9th Cir. 2007) 505 F.3d 874, 879-880 [manifest disregard of the law means that arbitrator recognized applicable law and ignored it].)

2, § 11089, subd. (c)(1).) Section 11089, subdivision (c)(2), relating to "key employees," does not apply here.

These provisions mirror the FMLA. (See 29 U.S.C. § 2614 (a)(1) [providing employees with right "to be restored" to same or comparable position]; 29 C.F.R. § 825.216 (a) [stating that employee has no greater right to reinstatement or to other benefits than if employee had been continuously employed during leave period, and that "[a]n employer must be able to show that an employee would not otherwise have been employed at the time reinstatement is requested in order to deny restoration to employment."].) Like the parties and the Court of Appeal here, courts use language from the FMLA and the CFRA interchangeably. (*Xin Liu v. Amway Corp.* (9th Cir. 2003) 347 F.3d 1125, 1132, fn. 4 ["CFRA adopts the language of the FMLA and California state courts have held that the same standards apply"]; see *Pang v. Beverly Hosp., Inc.* (2000) 79 Cal.App.4th 986, 993 [CFRA incorporates federal regulations interpreting the FMLA "to the extent they are not inconsistent with [CFRA] or other state laws"].)[2]

In addition, courts have distinguished between two theories of recovery under the CFRA and the FMLA. "Interference" claims prevent employers from wrongly interfering with employees' approved leaves of absence, and "retaliation" or "discrimination" claims prevent employers from terminating or otherwise taking action against employees because they exercise those rights. (See *Smith v.*

---

[2] For the first time in his answer brief, plaintiff claims that defendants' policy on leave did not give him sufficient notice that it applied to CFRA leave, because, at one point, it used the term "FMLA leave" instead of "CFRA leave." However, plaintiff's complaint and his other briefing throughout this case assume the opposite, and he uses the terms interchangeably. In any event, because this issue was not previously raised, and is not necessary to decide the question presented, we do not address it here. (Cal. Rules of Court, rule 8.516(b)(1).)

11

*Diffee Ford-Lincoln-Mercury, Inc.* (10th Cir. 2002) 298 F.3d 955, 960; 29 U.S.C. § 2615 (a)(1), (a)(2).)

2. *The Arbitration Award*

The Court of Appeal here vacated the arbitration award because it believed the arbitrator had committed legal error by adopting the honest belief equitable defense that is available mostly in federal Seventh Circuit interference cases. (See, e.g., *Kariotis v. Navistar Intern. Transp. Corp.* (7th Cir. 1997) 131 F.3d 672, 677 [providing FMLA defense to employer who honestly, but mistakenly, relies on a nondiscriminatory reason in making its challenged employment decision].) However, we need not decide whether that defense is viable in California employment law. Even if the arbitrator erred, and even if such an error could serve as a basis for vacating an arbitration award, plaintiff has not shown that the error was prejudicial.

Here, the arbitrator found plaintiff was fired because he violated Power Toyota's employment policy against outside work while on approved CFRA medical leave, not because he was on approved leave.[3] The evidence to support that finding, as reflected in the arbitrator's factual findings, was overwhelming. Power Toyota explicitly warned plaintiff that its policy prohibited any outside employment, including *self-employment*, while on leave. Plaintiff knowingly ignored the warnings. Power Toyota invited plaintiff to communicate regarding his outside employment, and he deliberately avoided any such communication.

---

[3] Plaintiff argues that Power Toyota's employment provision forbidding outside employment in this context is an illegal restraint on his CFRA leave. He has forfeited the argument, however, for failing to raise it in the trial court. (*Delaney v. Dahl* (2002) 99 Cal.App.4th 647, 660.) We express no opinion in this case on the employment provision's legality in other contexts.

Even if Power Toyota's employment manual could have more clearly stated the rule about outside employment, the award indicates plaintiff blatantly ignored his superiors' clear instructions not to work at the restaurant while on CFRA leave. To ignore this fact and to hold that Power Toyota could not have fired plaintiff under any circumstances for violating company policy while on leave would ignore the rule that plaintiff had "no greater right to reinstatement or to other benefits and conditions of employment than if [he] had been continuously employed" during the statutory leave period. (29 C.F.R. § 825.216(a).) The arbitrator found plaintiff's firing was based on a clear violation of company policy — a legally sound basis for upholding the arbitrator's award — and would likely have made that finding regardless of the evidence or findings as to the employer's honest belief plaintiff was misrepresenting his medical condition. Thus, even if the arbitrator was mistaken in relying on an honest belief defense, plaintiff was not prejudiced thereby and the arbitrator's award in defendants' favor will stand.

## CONCLUSION

Whether the honest belief defense applies when an employer terminates an employee based on a reasonable belief that the employee is violating company policy while on CFRA or FMLA leave is an unsettled question of law. We need not resolve that question in finding that the arbitrator here made no legal error that deprived the plaintiff of an unwaivable statutory right when it relied upon the substantial evidence that plaintiff violated company policy.

For this reason, we reverse the Court of Appeal's judgment.

**CHIN, J.**

**WE CONCUR:**

**CANTIL-SAKAUYE, C. J.**
**WERDEGAR, J.**
**CORRIGAN, J.**
**LIU, J.**
**BAXTER, J.***
**DUARTE, J.****

_____
\*      Retired Associate Justice of the Supreme Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

\*\*      Associate Justice of the Court of Appeal, Third Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

*See next page for addresses and telephone numbers for counsel who argued in Supreme Court.*

**Name of Opinion** Richey v. AutoNation, Inc.
_____

**Unpublished Opinion**
**Original Appeal**
**Original Proceeding**
**Review Granted** XXX 210 Cal.App.4th 1516
**Rehearing Granted**

_____

**Opinion No.** S207536
**Date Filed:** January 29, 2015
_____

**Court:** Superior
**County:** Los Angeles
**Judge:** Malcolm H. Mackey

_____

**Counsel:**

Scott O. Cummings for Plaintiff and Appellant.

Law Office of David J. Duchrow, Duchrow & Piano and David J. Duchrow for California Employment Lawyers Association as Amicus Curiae on behalf of Plaintiff and Appellant.

The deRubertis Law Firm David M. deRubertis, Helen U. Kim; Pine & Pine and Norman Pine for Consumer Attorneys of California as Amicus Curiae on behalf of Plaintiff and Appellant.

Snell & Wilmer, Richard A. Derevan, Christopher B. Pinzon, Frank Cronin, Erin Denniston Leach and Todd E. Lundell for Defendants and Respondents.

Fred J. Hiestand for The Civil Justice Association of California as Amicus Curiae on behalf of Defendants and Respondents.

1

**Counsel who argued in Supreme Court (not intended for publication with opinion):**

Scott O. Cummings
1025 W. 190th Street, Suite 200
Gardena, CA  90248
(310) 295-2195

David J. Duchrow
Duchrow & Piano
501 Santa Monica Boulevard, Suite 505
Santa Monica, CA  90401-2443
(310) 395-5511

Todd E. Lundell
Snell & Wilmer
600 Anton Boulevard, Suite 1400
Costa Mesa, CA  92626
(714) 427-7000