Filed 7/15/15  Ahdout v. Hekmatjah CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| MOURIS AHDOUT, | B255395 |
| Plaintiff and Respondent, | (Los Angeles County |
| v. | Super. Ct. No. BS132814) |
| MAJID HEKMATJAH et al., | |
| Defendants and Appellants. | |

APPEAL from an order of the Superior Court of Los Angeles County, Ronald M. Sohigian, Judge.  Affirmed.

Greines, Martin, Stein & Richland, Robin Meadow and Jeffrey E. Raskin for Defendants and Appellants.

Etehad Law Firm, Simon P. Etehad; Law Offices of Steven P. Scandura and Steven P. Scandura for Plaintiff and Respondent.

**INTRODUCTION**

Appellants Majid Hekmatjah, also known as Michael Braum (Braum), Hekmatjah Family Limited Partnership (Hekmatjah), and Braum Investment & Development, Inc. (BIDI) appeal from a superior court order vacating an award issued in their arbitration with plaintiff and respondent Mouris Ahdout. The arbitrators had rejected Ahdout's contention that BIDI, which acted as the general contractor on the parties' joint construction project, was not licensed and thus was required to disgorge all compensation Ahdout paid for its contracting services pursuant to Business and Professions Code section 7031 (section 7031).[1] The superior court ultimately granted Ahdout's petition to vacate the arbitration award under Code of Civil Procedure section 1286.2,[2] on the ground that the arbitrators exceeded their powers by failing to apply and enforce the provisions of section 7031, which constituted an explicit legislative expression of public policy.

On appeal, appellants do not challenge the trial court's conclusion that the underlying arbitration award violated public policy as to the arbitrated claims that implicated section 7031. Rather, they contend that the trial court erred in vacating the entire award, rather than severing and invalidating only those portions of the award that violated public policy and leaving intact the award as to other claims not implicating section 7031. Appellants argue that where, as here, a court determines that an award violates public policy, that determination is not a finding

---

[1]     Section 7031, subdivision (b) provides:  "Except as provided in subdivision (e) [which is not relevant here], a person who utilizes the services of an unlicensed contractor may bring an action in any court of competent jurisdiction in this state to recover all compensation paid to the unlicensed contractor for performance of any act or contract."

[2]     Except references to section 7031, all subsequent undesignated references to code provisions are to the Code of Civil Procedure.

2

that the arbitrators have "exceeded their powers" within the meaning of section 1286.2, but rather is a "non-statutory ground" for reviewing the arbitration award. They argue that this distinction results in the availability of an alternative remedy, namely severing the portions of the award that violate public policy in lieu of vacating the award in full.

We reject appellants' contention, which is foreclosed by the California Supreme Court decision *Richey v. AutoNation, Inc.* (2015) 60 Cal.4th 909, 916 (*Richey*), which states that arbitrators "exceed their powers" under section 1286.2 by issuing an award that contravenes an explicit legislative expression of public policy. As such, because the trial court found that the arbitrators exceeded their powers by disregarding section 7031, the court was required to vacate the award under section 1286.2. We affirm the trial court's order vacating the arbitration award.

## BACKGROUND

*Arbitration Proceeding*

Ahdout and Hekmatjah were the sole members of 9315 Alcott, LLC (the Company), a limited liability company they formed for the purpose of developing a condominium project on their adjoining parcels of real property (the Project). Braum was designated as manager of the Company. Braum also owned BIDI, the general contractor that was to handle construction of the Project. Ahdout and Hekmatjah entered into an operating agreement for the Company (the Agreement), the terms of which are discussed more fully in our published opinion on a previous appeal in this matter, *Ahdout v. Hekmatjah* (2013) 213 Cal.App.4th 21 (*Ahdout I*). That opinion also includes a fuller description of other background facts that are not necessary to restate here. (*Ahdout I, supra,* 213 Cal App.4th at pp. 24-26.)

3

After construction on the Project suffered numerous setbacks and delays, construction was finally completed almost six years after the Company was formed. Ahdout apparently was unsatisfied in many respects. Under the Agreement, the parties were bound to arbitrate disputes arising thereunder, and Ahdout and appellants entered into two agreements to submit Ahdout's claims to binding arbitration before the Rabbinical Council of California Bais Din. Ahdout made 24 separate claims before the arbitrators, including claims for disgorgement pursuant to section 7031, as well as claims concerning the division of loan proceeds, liability for construction loan interest and costs, misappropriation and embezzlement of Company funds by Braum, distribution of rental income, breach of promises to build high-end condominiums, and overcharging and mismanagement of construction costs by Braum. Ahdout also sought the removal of Braum as manager of the Company and requested attorney fees incurred in the arbitration. (*Ahdout I, supra,* 213 Cal App.4th at pp. 26-27.)

Among other findings, the arbitrators issued an award denying Ahdout's first claim under section 7031 seeking to reverse the extra economic interest awarded to Hekmatjah under the Agreement as compensation for BIDI's construction costs. They also denied the sixth claim, finding that appellants were not required to disgorge the cost of construction. The arbitrators later issued a supplemental judgment further elaborating as follows: "'While the LLC agreement describes that [BIDI] was to be engaged as a general contractor, the Bais Din finds that in fact [Braum] functioned as the manager of the LLC and as a consultant to the LLC and neither [Braum] nor [BIDI] engaged in any work typically done by general contractors. The contracting work was done by contractors that entered into direct agreement with the LLC, virtually all of whom were licensed contractors.'" (*Ahdout I, supra,* 213 Cal App.4th at p. 28.)

4

*Superior Court Proceedings*

In 2011, Ahdout brought a petition in the superior court to vacate the arbitration award on the ground that the arbitrators exceeded their authority by allowing appellants to keep compensation they received for contracting work on the Project. Ahdout proffered evidence that BIDI did not have a general contractor's license at any point during the construction of the Project, but nevertheless performed construction work on the Project and acted as the general contractor. (*Ahdout I, supra,* 213 Cal App.4th at pp. 28-29.)

The trial court denied the motion to vacate the award. The court concluded that Ahdout "'submitted the issue of the illegality of the contract to the arbitrators and they rejected his argument. This court may not second guess that decision.'" (*Ahdout I, supra,* 213 Cal App.4th at p. 29.)


*Prior Appeal*

On appeal, we found that the trial court had an obligation to independently determine whether disgorgement of compensation was required by section 7031. (*Ahdout I, supra,* 213 Cal.App.4th at p. 39.) We held as follows: "[S]ection 7031 constitutes an 'explicit legislative expression of public policy,' that if not enforced by an arbitrator, constitutes grounds for judicial review. 'The purpose of the [Contractors' State Licensing Law] is to protect the public from incompetence and dishonesty in those who provide building and construction services. [Citation.] The licensing requirements provide minimal assurance that all persons offering such services in California have the requisite skill and character, understand applicable local laws and codes, and know the rudiments of administering a contracting business. [Citations.] [¶] Section 7031 advances this purpose by withholding judicial aid from those who seek compensation for unlicensed contract work. The obvious statutory intent is to discourage persons who have failed to

5

comply with the licensing law from offering or providing their unlicensed services for pay.' [Citation.] Similarly, the more recently enacted subdivision (b) of section 7031 furthers this aim by requiring disgorgement of compensation already paid to unlicensed contractors by persons utilizing their services. [¶] Because section 7031 constitutes an explicit legislative expression of public policy regarding unlicensed contractors, the general prohibition of judicial review of arbitration awards does not apply. . . . [T]he CSLL provisions are intended to protect the general public in part from the hazards of shoddy construction work, and thus judicial review of arbitration awards that allegedly fail to enforce section 7031 is appropriate." (*Ahdout I, supra,* 213 Cal.App.4th at pp. 38-39.)

We remanded the matter to the trial court to conduct a de novo review of the evidence to determine whether disgorgement of compensation for BIDI's construction work was required by section 7031. (*Ahdout I, supra,* 213 Cal.App.4th at pp. 39-40.)

*Proceedings on Remand to Superior Court*

On remand, the trial court conducted a hearing in early 2014 based on the evidence in the record on Ahdout's original petition to vacate the arbitration award filed in 2011. The court found that the disgorgement provisions of section 7031, subdivision (b) applied, because BIDI, which was unlicensed, functioned as a general contractor and was compensated as such. Accordingly, the trial court found that the arbitrators exceeded their powers by ignoring the effect of section 7031 in issuing their award. The court found that the proper remedy was to vacate the award pursuant to section 1286.2 rather than correct the award, because the error was not a matter of miscalculated figures, or a mistaken description of property. Rather, the award could not be corrected without affecting the merits of

6

the decision upon the controversy submitted. Thus, the court granted the petition to vacate the arbitration award.

Appellants requested a statement of decision, specifically asking for an explanation of whether "the arbitration award [can] be corrected, as provided by Code of Civil Procedure section 1286.6, 'without affecting the merits of the decision upon the controversy submitted' by remanding to the arbitrators the calculation of the amount to be disgorged." The court responded that appellants' request for a statement of decision was untimely and thus they were not entitled to one. However, "[o]ut of an abundance of caution," the court issued an order that answered appellants' question, stating, "The award cannot be corrected by the court without affecting the merits of the decision upon the controversy submitted. That is the reason that this court vacated the award and did not confirm it or modify it."

Appellants timely appealed. Ahdout moved to dismiss the appeal, arguing that the order vacating the arbitration award was a nonappealable order, because the matter was going to be sent back to the arbitrators. However, as appellants correctly argued in their opposition to the motion to dismiss, section 1294 authorizes an appeal from "[a]n order vacating an award *unless a rehearing in arbitration is ordered.*" (§ 1294, subd. (c), italics added; see *Judge v. Nijjar Realty, Inc.* (2014) 232 Cal.App.4th 619, 632-633; *SWAB Financial, LLC v. E\*Trade Securities, LLC* (2007) 150 Cal.App.4th 1181, 1195.) In this case, although the trial court's remarks at the hearing suggested that the court anticipated the case would return to the arbitrators, the trial court did not order a new hearing

in arbitration.[3] Therefore, we denied the motion to dismiss the appeal, and we have jurisdiction to hear the appeal.

## DISCUSSION

The trial court granted the petition to vacate the arbitration award, relying on one of the narrow statutory exceptions to the general rule that an arbitrator's decision is not reviewable for errors of fact or law. (*Ahdout I, supra,* 213 Cal.App.4th at p. 33.) "Section 1286.2 sets forth the grounds for vacation of an arbitrator's award." (*Moncharsh v. Heily & Blase* (1992) 3 Cal.4th 1, 12 (*Moncharsh*).) Subdivision (a)(4), relied upon here, provides that "the court shall vacate the award if the court determines . . . [t]he arbitrators exceeded their powers and the award cannot be corrected without affecting the merits of the decision upon the controversy submitted." (§ 1286.2, subd. (a)(4).) Whether the arbitrators exceeded their powers, and thus whether an award was properly vacated on that basis, is reviewed on appeal de novo. (*Richey, supra,* 60 Cal.4th at p. 918, fn. 1.)

Appellants do not dispute the trial court's finding that, in failing to enforce the disgorgement provisions of section 7031, the arbitrators issued an award that contravenes public policy. Instead, they make a two-step argument culminating in their assertion that the remedy of vacating the arbitration award was inappropriate here. In the first step, they contend that finding that an arbitration award violates public policy is not akin to finding that "[t]he arbitrators exceeded their powers" within the meaning of section 1286.2, subdivision (a)(4). Rather, they contend, "violation of public policy is a *non-statutory* ground for review of arbitration awards." (Italics added.) In the second step of their argument, they contend that

---

[3]     Ahdout suggests that his motion to compel renewed arbitration proceedings is stayed pending the outcome of this appeal.

because arbitrators did not exceed their powers under section 1286.2 by issuing an award that violates public policy, the remedy under section 1286.2 – vacating the award – was inapplicable in this case. They contend that instead, the more appropriate remedy here was to sever and invalidate only the arbitrators' findings as to the claims that implicate section 7031, and leave the rest of the award intact.

Appellants parse language from several cases to support the first step of their argument (e.g., *Aguilar v. Lerner* (2004) 32 Cal.4th 974; *City of Richmond v. Service Employees Internat. Union, Local 1021* (2010) 189 Cal.App.4th 663), and they argue that the Court of Appeal holdings that are contradictory are unsupported by real analysis. (See, e.g., *Cotchett, Pitre & McCarthy v. Universal Paragon Corp.* (2010) 187 Cal.App.4th 1405, 1416 ["An arbitrator may exceed her powers within the meaning of this section by issuing an award that violates an explicit legislative expression of public policy."]; *Jordan v. Department of Motor Vehicles* (2002) 100 Cal.App.4th 431, 443 ["An arbitrator exceeds his powers when he . . . issues an award that violates a well-defined public policy"].) In any event, we need not delve more deeply into appellants' reasoning because earlier this year, in *Richey,* 60 Cal.4th 909 (a decision appellants fail to cite in their subsequently-filed reply brief), the California Supreme Court stated that "[a]rbitrators may exceed their powers by issuing an award that violates a party's unwaivable statutory rights or that contravenes an explicit legislative expression of public policy."**[4]** (*Id.* at p.

---

**[4]** In *Richey*, the Supreme Court explained that its 1992 *Moncharsh* decision was the genesis of the principle that arbitrators exceed their powers under section 1286.2 when they issue an award that violates a party's unwaivable statutory rights or an explicit legislative expression of public policy. (*Richey, supra*, 60 Cal.4th at p. 916, citing *Moncharsh, supra*, 3 Cal.4th 1.) "*Moncharsh* noted that judicial review may be warranted when a party claims that an arbitrator has enforced an entire contract or transaction that is illegal. [Citations.] *Moncharsh* observed that in the absence of an express written accord in the arbitration agreement, arbitrators may decide cases based on '"broad principles of justice and equity."' [Citation.] The court acknowledged that there

9

916.) *Richey* disposes of appellants' argument that issuing an award that violates public policy is *not* an act in excess of arbitrators' powers within the meaning of section 1286.2.

Because the *Richey* decision has disposed of step one of appellants' argument, step two of their argument – that the remedy of vacating the award was inapplicable because the arbitrators did not "exceed their powers" under section 1286.2 – necessarily fails. Appellants concede Ahdout's contention that "section 1286.2 is 'clear and unambiguous' in requiring the court to vacate an award that exceeds the arbitrator's powers unless the award can be corrected." They point to no authority that would permit the court to partially vacate the award after finding that the arbitrators exceeded their powers and that the award may not be corrected without affecting the merits of the decision.

The options available to the trial court are carefully circumscribed: section 1286 provides in part that where a party has petitioned a court to vacate an arbitration award, "the court shall confirm the award as made . . . unless in

---

may be 'exceptional circumstances justifying judicial review of an arbitrator's decision when a party claims illegality affects only a portion of the underlying contract. Such cases would include those in which granting finality to an arbitrator's decision would be inconsistent with the protection of a party's statutory rights.' [Citation.]" (*Richey, supra*, 60 Cal.4th at p. 917.) *Moncharsh* further held that "[w]ithout an explicit legislative expression of public policy, however, courts should be reluctant to invalidate an arbitrator's award on this ground. The reason is clear: the Legislature has already expressed its strong support for private arbitration and the finality of arbitral awards in title 9 of the Code of Civil Procedure. (§ 1280 et seq.) Absent a clear expression of illegality or public policy undermining this strong presumption in favor of private arbitration, an arbitral award should ordinarily stand immune from judicial scrutiny." (*Moncharsh, supra*, 3 Cal.4th at p. 32.) As we noted in *Ahdout I*, "[n]umerous courts have since construed *Moncharsh* to stand for the proposition that an arbitrator exceeds its powers within the meaning of Code of Civil Procedure section 1286.2 by issuing an award that violates a party's statutory rights or 'an explicit legislative expression of public policy.' [Citations.]" (*Ahdout I, supra,* 213 Cal.App.4th at p. 37.) In *Richey*, our Supreme Court confirmed that this interpretation is correct.

10

accordance with this chapter it corrects the award and confirms it as corrected, vacates the award or dismisses the proceeding." Further, section 1286.2 provides that the court "shall vacate the award" if the court finds that the arbitrators exceeded their powers and the award cannot be corrected without affecting the merits. (Cf. *Sunnyvale Unified School Dist. v. Jacobs* (2009) 171 Cal.App.4th 168, 174-175 [because section 1286 et seq. does not permit a court to *partially* vacate an arbitration award, the appellate court would construe an appeal from an order partially vacating an award as an appeal from an order vacating the award].) Appellants do not contend that the award may be corrected without affecting the merits of the decision upon the controversy affected, such that the court could correct rather than vacate the award. (Compare § 1286.2, subd. (a)(4) [vacating award] with § 1286.6, subd. (b) [correcting award].) Thus, under sections 1286 and 1286.2, the only remedy available to the trial court was vacating the award.

In sum, we reject appellants' argument that the trial court erred in vacating the award, rather than severing and vacating only the claims that implicated section 7031.[5]

//

//

//

//

//

//

---

[5] Because sections 1286 and 1286.2 do not contemplate partially vacating the award where arbitrators have exceeded their powers, we need not consider the parties' arguments regarding which of the claims decided by the arbitrators were affected by their decision to ignore the effect of section 7031.

11

**DISPOSITION**

The order vacating the arbitration award is affirmed.  Appellants shall bear all costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


WILLHITE, J.


We concur:


EPSTEIN, P. J.


MANELLA, J.