Filed 4/27/23  Green v. Green CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| IRWIN L. GREEN AND DOROTHY L. GREEN REVOCABLE 1998 TRUST | B316576 |
| | (Los Angeles County Super. Ct. No. 16STPB01322) |
| MATTHEW GREEN et al., | |
| Plaintiffs and Respondents, | |
| v. | |
| PAULA R. GREEN, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Daniel Juarez, Judge.  Affirmed.

Paula R. Green, in pro. per.; Caldwell Law Firm and Larry J. Caldwell for Defendant and Appellant.

Matthew Green, in pro. per., for Plaintiff and Respondent.

Robert Green, in pro. per., for Plaintiff and Respondent.

Garrett & Tully, Ryan C. Squire, and Ani Grigoryan for Court-Appointed Trustee Michael Augustine.

Dorothy Green (Dorothy) and Irwin Green (Irwin) established the Irwin L. Green and Dorothy L. Green Revocable 1998 Trust (the Trust). This is the second appeal arising from litigation involving Dorothy and her three adult children: Paula Green (Paula), Matthew Green (Matthew), and Robert Green (Robert). In the previous appeal, *Green v. Cohen* (Feb. 11, 2021, B289909) [nonpub. opn.] (*Green I*), we held Dorothy's purported revocation of the Trust and transfers of Trust property were invalid and we ordered Dorothy and Paula to return Trust property. We also reversed in part and remanded for the trial court to recalculate the amount owed by Paula. In this appeal from the judgment amended to reflect this recalculated amount, Paula asks us to decide whether the trial court should have revisited its original findings regarding the validity of purported transfers of Trust property.

## I. BACKGROUND[1]

### A. *Dorothy and Paula's Actions Before and After Irwin's Death*

At the time of Irwin's death in March 2016, the Trust's largest assets were a $440,000 life insurance policy insuring Irwin's life, a home on Mandeville Canyon Road in Los Angeles (the Mandeville property), and a home on South Glenroy Avenue, also in Los Angeles (the Glenroy property).

The Trust provides that, upon the death of either Irwin or Dorothy, the estate is to be divided into two separate trusts, the survivor's trust and the decedent's trust. The surviving spouse is

---

[1] In reciting the pertinent background facts, we draw on our prior opinion in *Green I*.

entitled to receive the net income from the survivor's trust and, if insufficient, any portion of the principal necessary for his or her health, education, support, and maintenance. Upon the death of the surviving spouse, the entire Trust estate is to be divided into equal shares for each child then living or any deceased child with issue then living.

Shortly before Irwin died, while he was in the hospital, Dorothy executed a document purporting to revoke the Trust; she and Irwin also executed trust transfer deeds purporting to transfer the Mandeville and Glenroy properties from the Trust to themselves as community property with right of survivorship. After Irwin died, Dorothy obtained the life insurance proceeds based on her purported revocation of the Trust. She then refinanced the Mandeville property and deposited the net proceeds of the loan, $502,025.25, into a checking account opened in Paula's name. Dorothy later sold the Glenroy property for $2.641 million. She deposited the net proceeds from the sale, $1,778,864.67, into a personal banking account.

### B. Green I

Litigation ensued in the form of two probate court petitions: one filed by Matthew and Robert against Dorothy and Paula, and another filed by Dorothy against Matthew and Robert.[2] Matthew and Robert's petition sought to remove Dorothy as trustee of the Trust because she breached her fiduciary duty as trustee and

---

[2] Dorothy died while the first appeal was pending. The trial court appointed Randall Cohen as the special administrator of her estate, and he continued the litigation in a representative capacity.

3

Paula aided and abetted that breach. Matthew and Robert further alleged Paula engaged in wrongful taking of Trust property and financial elder abuse. Dorothy's action sought to confirm the validity of her revocation of the Trust and alleged Matthew and Robert engaged in financial elder abuse.

After presentation of evidence, the trial court found Dorothy's purported revocation of the Trust was invalid and ineffective because Dorothy did not deliver the revocation document to Irwin as the Trust required. The trial court further found that Dorothy could not have revoked the Trust when she purported to do so because the delivery requirement presumed the receiving spouse would have the capacity to respond (which Irwin did not while hospitalized). Finally, even if the delivery condition had been satisfied, the court found the revocation was the direct result of Paula's undue influence over Dorothy.

As to the trust transfer deeds, the court found they were invalid because Irwin lacked capacity to execute them, because the trust transfer deeds misidentified the Trust (as the "1988 Trust" rather than the "1998 Trust"), and because they were the product of Paula's undue influence over Dorothy. Alternatively—and most pertinent to this appeal—the trial court determined Dorothy did not rebut the presumption of undue influence that arises when one spouse gains an advantage from a transaction.

The trial court further found Dorothy wrongfully obtained the proceeds of Irwin's life insurance policy because the Trust remained in effect and, even if Dorothy's revocation had been successful, Irwin's estate—not Dorothy—would have been entitled to the proceeds.

The trial court ordered Dorothy removed as trustee of the Trust and replaced her with Michael R. Augustine (Augustine),

4

an independent fiduciary.  The trial court ordered Dorothy and Paula to return Trust assets with interest, including the net proceeds of the August 2016 loan secured by the Mandeville property, the net proceeds of the January 2017 sale of the Glenroy property, and the life insurance proceeds.  The trial court additionally determined that Paula engaged in a "relentless, continuous and repetitive campaign of false statements and misrepresentation to Dorothy about Matthew and Robert so that she could unduly influence Dorothy" and ordered her to return $292,086.95 obtained by undue influence and to pay double damages.[3]

We reversed the judgment as to $80,430.40 of this amount that Paula was ordered to return to the Trust.  The details of the trial court's "relatively minor calculation error" are not relevant to this appeal.  We directed the trial court to "recalculate the amount to be returned [by Paula] and any damages assessed thereon in a manner consistent with [our] opinion" and affirmed the judgment "in all other respects."  As pertinent to this appeal, we held substantial evidence supported the trial court's conclusion that Dorothy did not revoke the Trust.  We further explained that although "Dorothy and Paula [did] not challenge the trial court's substantive reasons for setting aside the trust transfer deeds," our affirmance of the trial court's conclusion that Dorothy did not validly revoke the Trust foreclosed their argument that the trial court's ruling setting aside the trust transfer deeds was an idle act.

---

[3]     The trial court found Matthew and Robert did not engage in financial elder abuse.

*C. Proceedings on Remand*

On remand, Augustine, the Trustee, filed a proposed amended judgment accompanied by a declaration in which he "withdr[e]w, waive[d], and relinquish[ed]" the right to recover the funds we directed the trial court to recalculate on remand. The proposed amended judgment incorporated this concession. Paula objected to the proposed amended judgment as improperly noticed and contended it did not reflect funds the Trust received in partial satisfaction of the original judgment against her. She asked the trial court to refrain from entering the amended judgment until it ruled on her previously-filed petition for Augustine to provide information and an accounting.

The trial court determined Paula's objections lacked merit and the proposed amended judgment "excising the disputed amount raised by the Court of Appeal" resolved its task on remand. The trial court entered the amended judgment.

## II.  DISCUSSION

Paula's appeal does not address any of the grounds on which she objected to the amended judgment in the trial court. Rather, she asks us to revisit the trial court's determination that the trust transfer deeds were invalid based in part on the presumption of undue influence that arises when one spouse gains an advantage from a transaction. She contends legislation that took effect while the appeal in *Green I* was pending eliminated the presumption that Dorothy exercised undue influence over Irwin in executing the trust transfer deeds. As we shall briefly explain, Paula forfeited this argument by failing to raise it at any time prior to this appeal.

6

Family Code section 721 (Section 721) provides, in pertinent part, "in transactions between themselves, spouses are subject to the general rules governing fiduciary relationships that control the actions of persons occupying confidential relations with each other. This confidential relationship imposes a duty of the highest good faith and fair dealing on each spouse, and neither shall take any unfair advantage of the other." (§ 721, subd. (b).) Section 721 has been construed to create a rebuttable presumption that a spouse who secures an advantage over their partner in a transaction has exercised undue influence. (*Lintz v. Lintz* (2014) 222 Cal.App.4th 1346, 1353.)

Section 721 is subject to certain statutory exceptions. Effective January 1, 2020, Assembly Bill No. 327 (2019-2020 Reg. Sess.) (AB 327) added Probate Code section 21385, which provides that "[a]n at-death transfer . . . between spouses by will, revocable trust, beneficiary form, or other instrument is not subject to Section 721 . . . or any presumptions of undue influence created by that section." (Prob. Code, § 21385, subd. (a).)

Although Paula and Dorothy filed their opening brief in *Green I* before AB 327 took effect, they did not mention AB 327 in their reply brief filed in May 2020, at oral argument in December 2020, nor via a supplemental letter that the California Rules of Court authorize.[4] Paula also did not raise the issue on remand. Thus, even if AB 327 applied retroactively, covered the transactions at issue here, was within the scope of our remand

---

[4] California Rules of Court, rule 8.254(a) provides, "If a party learns of significant new authority, including new legislation, that was not available in time to be included in the last brief that the party filed or could have filed, the party may inform the Court of Appeal of this authority by letter."

instructions after *Green I*, and somehow obviated the several alternative and unchallenged grounds for the trial court's original ruling invalidating the trust transfer deeds, the issue has still been forfeited twice over.  (*Richey v. AutoNation, Inc.* (2015) 60 Cal.4th 909, 920, fn. 3 [argument forfeited for failure to raise it in the trial court]; *Behr v. Redmond* (2011) 193 Cal.App.4th 517, 538 [failure to brief issue constitutes a waiver or abandonment of the issue on appeal].)

We have discretion to excuse the forfeiture, but we exercise that discretion "most frequently . . . when 'important issues of public policy are at issue.' [Citations.]"  (*Sea & Sage Audubon Society, Inc. v. Planning Com.* (1983) 34 Cal.3d 412, 417.)  That is not the case here, and we accordingly decline to consider Paula's AB 327 argument.

## DISPOSITION

The judgment is affirmed.  Matthew, Robert, and Trustee Augustine shall recover their costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


BAKER, Acting P. J.

We concur:


MOOR, J.


KIM, J.