Filed 7/26/24 Howard v. Gurevich CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| GEROLYN HOWARD, | B330490 |
| Plaintiff and Respondent, | |
| v. | (Los Angeles County Super. Ct. No. 22STCP03304) |
| YELENA GUREVICH et al., | |
| Defendants and Appellants. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. Gail Killefer, Judge. Affirmed.

Yelena Gurevich, in pro. per., and Lauren Rode, in pro. per., for Defendants and Appellants.

Law Offices of Soheila Azizi, Soheila Azizi and Joshua Edmondson for Plaintiff and Respondent.

_____

An arbitrator found a law firm and two attorneys had committed legal malpractice in representing a homeowner in a suit against her mortgage lender for breach of a loan modification agreement. The arbitrator awarded the homeowner $771,780. The trial court confirmed the arbitrator's award. The two attorneys appealed. Because the alleged errors they cite are neither supported by the record nor cognizable grounds for overturning an arbitration award, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

### I. Facts

Howard was prompted by financial problems to have Veritas Law Group assist her in obtaining a loan modification of her mortgage payment to lender Seterus, Inc. Believing her loan modification had been successful, Howard began making reduced monthly payments to the lender. Months later, a Seterus, Inc. representative notified Howard that if certain documents were not received, a foreclosure sale would proceed.

Howard retained Consumer Action Law Group (CALG), a consumer litigation firm. On June 19, 2015, on behalf of Howard, CALG sued Seterus, Inc. for breaching a modification agreement and proceeding with a foreclosure sale. Attorneys Lauren Rode and Yelena Gurevich (appellants) handled Howard's case.

On June 26, 2015, CALG received a letter from Seterus, Inc., stating the loan modification could proceed and the foreclosure sale would be cancelled if Howard signed and returned the enclosed documents. Howard was never made aware of the documents; she never signed and returned them to the lender. Howard's house was sold in foreclosure. Howard did not discover the Seterus, Inc. letter until after appellants and CALG had terminated their attorney-client relationship with her.

2

## II.   Procedural History

### A.   Demand for Arbitration

In her signed retainer agreement with CALG, Howard agreed to binding arbitration under the rules of the American Arbitration Association (AAA) of any disputes that could not be resolved within a reasonable time.

Howard filed a demand for arbitration with the AAA, alleging CALG and appellants committed legal malpractice and breached their fiduciary duty in representing Howard against Seterus, Inc.  In response, CALG and appellants filed a counterclaim with the AAA for unpaid legal fees.

The AAA appointed Anita Rae Shapiro to preside over the arbitration.  Arbitrator Shapiro held a preliminary management hearing.  Howard and appellants were represented by counsel.  Following discovery, the arbitration hearing was conducted for two days.  Experts for both sides and Howard testified.  The hearing was recessed until Monday, November 8, 2021.

### B.   Howard's Request for the Arbitrator's Removal

Before the hearing resumed on November 8, 2021, the AAA e-mailed the parties that Howard had requested the replacement of her counsel and the removal of Arbitrator Shapiro.  The AAA's e-mail included a copy of Howard's request.  In a November 8, 2021 letter, the AAA also informed the parties that:  (1) Shapiro would "not be copied on any correspondence related to the disclosure or the arbitrator's continued service"; and (2) "At this time, we request comments from [CALG and appellants] regarding the above-referenced communication [Howard's request].  Comments are to be received by the [AAA] on or before November 15, 2021.  Absent a response to the contrary, we will presume your agreement with [Howard's] position."

3

At the November 8, 2021 hearing, CALG and appellants objected to Howard's request as prejudicial. Ultimately, Howard's current attorney withdrew as counsel of record, and Arbitrator Shapiro ordered Howard to represent herself and continued the hearing to December 7, 2021, to allow Howard to retain new counsel. Shapiro also denied Howard's request for removal and advised the parties and the AAA that she would not stop serving as arbitrator.

Appellants and CALG failed to respond to the AAA's request by the November 15, 2021 deadline. In a November 18, 2021 letter, the AAA advised the parties that "inasmuch as [Howard's] objection was unopposed," Arbitrator Shapiro was removed as arbitrator in the matter. The AAA also indicated it intended to appoint a new arbitrator.

Appellants and CALG repeatedly wrote to the AAA on November 18, 2021 and thereafter, urging that Arbitrator Shapiro be reinstated. The AAA declined, and explained that by removing Shapiro, it was properly adhering to the AAA's rules and procedures for consumer arbitrations.

On December 10, 2021, appellants and CALG filed a motion with the AAA to enforce Arbitrator Shapiro's November 8, 2021 order. They argued Shapiro should continue to serve as arbitrator and a third day of arbitration should be scheduled. The AAA responded that it "does not have the authority to rule on any motions."

### C. Appointment of a New Arbitrator and the Arbitration Hearing

The AAA appointed George J. Kovacevich to serve as the new arbitrator without objection. The arbitration hearing lasted two days. Arbitrator Kovacevich considered the pleadings, briefs,

4

and evidence presented and issued a written ruling. Kovacevich found appellants liable and CALG vicariously liable for legal malpractice. In reaching this conclusion, Kovacevich found Howard's witnesses were more credible than appellants' and CALG's witnesses on the "core issue" of the circumstances surrounding the letter from Seterus, Inc. Arbitrator Kovacevich found CALG and appellants jointly and severally liable to Howard and awarded her $771,780 in damages, including emotional distress damages and attorney fees. Kovacevich denied the counterclaim for legal fees.

### D. Post-arbitration Proceedings in Superior Court

Howard filed a petition to confirm the arbitration award. Appellants filed a petition to vacate the arbitration award.

The trial court simultaneously denied appellants' petition to vacate and granted Howard's petition to enforce the arbitration award, including the award for emotional distress damages, which was separately challenged. The court acknowledged the scope of judicial review of an arbitration award was limited by Code of Civil Procedure section 1286.2. The court ruled there were no statutorily authorized grounds for vacating the award and the arbitrator's findings supported the award of emotional distress damages.

The trial court granted appellants' motion to stay enforcement of the judgment pending appeal. Appellants timely filed a notice of appeal.[1]

### DISCUSSION

Appellants argue the trial court erred in denying their motion to vacate the arbitrator's award because (1) the AAA

---

[1] CALG is not a party to this appeal.

5

exceeded its powers and violated its own rules by failing to give appellants the opportunity to be heard before removing Arbitrator Shapiro; (2) appellants were prejudiced by Arbitrator Kovacevic's refusal to allow them to present material evidence at the shortened arbitration hearing; and (3) the award must be vacated because appellants' motion to enforce Arbitrator Shapiro's November 8, 2021 order is still pending.  We independently review a trial court's denial of a motion to vacate (*Richey v. AutoNation, Inc.* (2015) 60 Cal.4th 909, 918, fn. 1) and conclude the trial court's order denying appellants' motion to vacate was correct for four independent reasons.

First, the California Arbitration Act (Code Civ. Proc., § 1280 et seq.) carefully delineates the grounds on which an arbitrator's award may be vacated.  Appellants' do not dispute that an arbitration award may be judicially vacated under Code of Civil Procedure section 1286.2, subdivision (a) only if it was procured by (1) corruption, fraud, or other undue means; (2) corruption on the part of an arbitrator; (3) prejudicial misconduct of a neutral arbitrator; (4) action by the arbitrator in excess of his or her power; (5) prejudicial refusal to postpone the hearing or to hear material evidence; (6) prejudicial conduct contrary to the California Arbitration Act on the part of the arbitrator; or (7) failure of the arbitrator to disqualify himself or herself when required to do so.  (See *Richey v. AutoNation, Inc., supra,* 60 Cal.4th at p. 916.)  We agree with the trial court that none of these grounds for vacating the arbitration award exist here.

Second, contrary to their claim, the AAA did not violate AAA Consumer Arbitration rule R-19 by failing to allow

6

appellants to be heard prior to removing Arbitrator Shapiro.**2** Rule R-19 provides: "(a) Any arbitrator shall be impartial and independent and shall perform his or her duties carefully and in good faith. The AAA may disqualify an arbitrator who shows [¶] (1) partiality or lack of independence; [¶] (2) inability or refusal to perform his or her duties with diligence and in good faith; or [¶] (3) any grounds for disqualification provided by applicable law. [¶] (b) If a party objects to the continued service of an arbitrator, or if the AAA should so decide to raise the issue of whether the arbitrator should continue on the case, the AAA will decide if the arbitrator should be disqualified. After gathering the opinions of the parties, the AAA will decide and that decision shall be final and conclusive."

The record shows the AAA solicited appellants to make their objections known concerning Howard's request. But appellants did not respond by the deadline. Having forfeited any objections by their own failure to act, appellants cannot now fault

---

**2** Appellants also rely on AAA Consumer Arbitration rules R-14 and R-23. Neither rule applies. Rule R-14 states: "(a) The arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement or to the arbitrability of any claim or counterclaim. [¶] . . . [¶] (c) A party must object to the jurisdiction of the arbitrator or to the arbitrability of a claim or counterclaim no later than the filing of the answering statement to the claim or counterclaim that gives rise to the objection. The arbitrator may rule on such objections as a preliminary matter or as part of the final award." Rule R-23 gives the arbitrator the power to enforce the fair exchange of information between the parties and to ensure orderly and efficient proceedings.

7

the AAA.  While the AAA complied with rule R-19, appellants ignored it.

Third, to the extent appellants are contending Arbitrator Kovacevich "exceed[ed] [his] powers" or "refus[ed] . . . to hear evidence material to the controversy" by improperly excluding appellants' evidence (Code Civ. Proc., § 1286.2, subd. (a)(4)–(5)), without a reporter's transcript, any such evidentiary ruling cannot be shown.  Notably, appellants do not state what "material facts" appellants were prevented from presenting or how they were prejudiced as a result.  In particular, as the arbitrator explained, his decision turned largely on the credibility of testimony concerning the delayed discovery of the Seterus, Inc. letter.  Appellants do not indicate what excluded evidence could have bolstered their witnesses' credibility.  In any event, an arbitrator does not exceed his or her powers by making an "error[] of fact or law," and thus does not exceed his or her powers by making an erroneous evidentiary ruling.  (*Moncharsh* v. *Heily & Blasé* (1992) 3 Cal.4th 1, 6, 11; see *Schlessinger v. Rosenfeld, Meyer & Susman* (1995) 40 Cal.App.4th 1096, 1110 [incorrect evidentiary rulings do not exceed an arbitrator's powers].)

Finally, appellants contend their December 10, 2021 motion is still pending before the AAA, which advised it lacked the authority to rule on motions.  In light of the decisions of Arbitrator Kovacevich and the trial court, that motion is long since moot.

## DISPOSITION

The judgment is affirmed.  Howard is entitled to recover her costs on appeal.

NOT TO BE PUBLISHED.

LUI, P. J.

We concur:

ASHMANN-GERST, J.

HOFFSTADT, J.