Filed 11/18/20  Geiger v. Floyd's 99-California, LLC CA4/3

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| FREDDY GEIGER, | |
| Plaintiff and Appellant, | G056747 |
| v. | (Super. Ct. No. 30-2016-00874943) |
| FLOYD'S 99-CALIFORNIA, LLC, | O P I N I O N |
| Defendant and Respondent. | |

Appeal from a judgment of the Superior Court of Orange County, Randall J. Sherman, Judge.  Affirmed in part, reversed in part, and remanded.

Blumenthal Nordrehaug Bhowmik De Blouw, Norman B. Blumenthal and Kyle R. Nordrehaug for Plaintiff and Appellant.

Ogletree, Deakins, Nash, Smoak & Stewart, Spencer C. Skeen, Tim L. Johnson, Jesse C. Ferrantella and Nikolas T. Djordjevski for Defendant and Respondent.

\*          \*          \*

Freddy Geiger sued his former employer Floyd's 99-California (Floyd's) for wage and hour claims he alleged on behalf of himself and on behalf of a proposed class. He also alleged a claim under the Labor Code Private Attorneys General Act of 2003 (Lab. Code, § 2698 et seq.) (PAGA). The trial court ordered Geiger's individual wage and hour claims to arbitration pursuant to the parties' arbitration agreement and stayed the remaining class claims and the PAGA claim pending arbitration of the individual claims.

Floyd's served Geiger with an offer to compromise pursuant to Code of Civil Procedure section 998 (section 998) proposing to settle Geiger's individual claims for $10,000 "plus" an award of reasonable attorney fees and costs in an amount determined by the arbitrator; Geiger accepted the section 998 offer. The arbitrator issued a final award reciting the terms of the parties' settlement and awarding Geiger $12,500 in attorney fees and $2,327.29 in costs. The arbitrator included in the final award the statement that Geiger was the "prevailing party" because he obtained a net monetary recovery.

Geiger filed a motion to confirm the final award. Floyd's sought correction of the final award to omit the arbitrator's reference to Geiger as the prevailing party. Floyd's also requested that the trial court dismiss Geiger's PAGA claim on the ground Geiger no longer had standing to pursue it after his individual claims settled. The trial court corrected the final award to remove the reference to Geiger as the prevailing party and confirmed the final award as corrected, dismissed the PAGA claim on the ground Geiger no longer had standing, dismissed the stayed class claims, and entered judgment accordingly.

After judgment was entered in this case, the California Supreme Court in *Kim v. Reins International California, Inc.* (2020) 9 Cal.5th 73 (*Kim*) held that a party's settlement of individual claims does not strip the party of standing to pursue remedies

2

under PAGA. We therefore reverse the portion of the judgment dismissing the PAGA claim for lack of standing and remand for further proceedings as to that claim.

We otherwise affirm the judgment. The arbitrator was solely charged with the task of determining the amount of attorney fees and costs reasonably incurred by Geiger that should be awarded to him. The trial court did not err by correcting the final award to remove the statement that Geiger was the prevailing party. Even if the correction of the final award constituted error, it was not prejudicial.

BACKGROUND

Geiger filed a lawsuit against his former employer Floyd's, a limited liability company that provides hair salon and barbering services. Geiger's first amended complaint contained claims he asserted as an individual and on behalf of a proposed class for unfair competition (Bus. & Prof. Code, § 17200 et seq.); failure to pay overtime wages (Lab. Code, § 510 et seq.); failure to provide accurate itemized statements (*id.*, § 226); failure to reimburse employment expenses (*id.*, § 2802); and failure to provide wages when due (*id.*, §§ 201, 202, 203). The first amended complaint also contained a claim for violation of PAGA.

Floyd's filed a motion to compel arbitration of Geiger's individual claims based on the parties' arbitration agreement entered September 2, 2014 and a request to stay the action, including Geiger's PAGA claim, pending the outcome of the arbitration. Geiger did not oppose arbitration of his individual claims. The trial court ordered Geiger's individual claims to arbitration and ordered Geiger's alleged class action claims and PAGA claim stayed.

Pursuant to section 998, Floyd's served on Geiger an offer to compromise proposing that in exchange for Geiger's agreement to dismiss with prejudice his individual claims in their entirety, Floyd's would pay Geiger $10,000 "plus reasonable attorney fees and costs for fees and costs actually incurred in the prosecution of

3

[Geiger]'s individual claims under which attorney fees and costs may be recovered as of the date of this Offer to Compromise, subject to a reasonableness/good faith determination by the Arbitrator according to proof." Floyd's offer further stated that its offer to compromise was with "the express understanding it denies any liability" and if accepted, the offer to compromise "shall constitute full and complete satisfaction" of Geiger's individual claims. Geiger accepted Floyd's offer to compromise. The parties, however, disagreed on the amount of fees and costs Geiger should recover. Geiger submitted a motion for final award and attorney fees and costs seeking as the "prevailing party" $31,775.50 in attorney fees and $2,402.29 in costs pursuant to Labor Code sections 226, subdivision (e)(1), 1194, subdivision (a), and 2802, subdivision (c). Floyd's opposed the motion, seeking a reduction in the amount of attorney fees and costs Geiger requested.

The arbitrator issued a final award which stated the parties had agreed to settle Geiger's individual claims for $10,000.[1] In the final award, the arbitrator stated: "As the party with net recovery on his individual claims, [Geiger] is a prevailing party within the meaning of California Labor Code §§ 226(e)(1), 1194(a), and 2802. Under these statu[t]es, [Geiger] is entitled to an award of reasonable attorney's fees and cost[s] in the prosecution of []his individual claims." The final award concluded: "As to only those individual claims of [Geiger] submitted to arbitration, [Geiger] is hereby awarded, and Respondent Floyd's 99-California LLC is order[ed] to pay, the total amount of $24,827.29, consisting of an agreed amount of $10,000 plus $12,500 in adjudicated reasonable costs, against Respondent Floyd's 99-Calfornia LLC and in favor of [Geiger]. The proceeds of this award shall be paid within ten (10) days of the date hereof.

---

[1] The final award incorrectly states that Floyd's accepted Geiger's statutory offer to compromise.

[¶] . . . This Final Award, in the total monetary amount of $24,827.29[2] constitutes full Resolution of only the individual claims of [Geiger] submitted to this Arbitration over which the Arbitrator has jurisdiction, which are hereby dismissed with prejudice."

Geiger filed a motion to confirm the arbitrator's final award. Floyd's filed a "partial opposition" to the motion in which Floyd's requested that the court modify the arbitrator's final award to remove the reference to Geiger as the prevailing party.

In a minute order, the trial court corrected the final award to, inter alia, omit the reference in paragraph 4 to Geiger as the prevailing party and as corrected, confirmed the final award. The court stated: "The award may be corrected pursuant to CCP § 1286.6 because the arbitrator exceeded his powers but the award may be corrected without affecting the merits of the decision upon the controversy submitted. Although the award states that the scope of the arbitration was defined by [Geiger]'s employment arbitration agreement, the award actually was governed by the parties' CCP § 998 offer and acceptance, which constitutes an arbitration agreement, and pursuant to which the $10,000 award to [Geiger] was not based on the merits of his claims, but on the parties' agreement. The parties further agreed that [Geiger] would be entitled to reasonable attorneys' fees and costs as determined the by the arbitrator. Thus, [Geiger] was not a 'prevailing party.' Since this ruling would not affect the merits of any decision, the award may be corrected rather than vacated. (And that is why the court wonders why the parties are fighting so strenuously over this seemingly unimportant issue.) The arbitrator also omitted the third part of [Geiger]'s recovery, making the math set forth in the award facially erroneous, justifying correction to what the parties apparently agree was the

---

[2]  In a declaration filed by Floyd's counsel in partial opposition to Geiger's motion to confirm the arbitrator's final award, counsel clarified the arbitrator issued a final award in the total monetary amount of "$24,827.29 ($10,000.00, $12,500 in fees, and $2,327.29 in costs)."

5

intended award." [3]  In the same minute order, the trial court dismissed Geiger's PAGA claim without prejudice because Geiger was no longer an aggrieved employee with standing to maintain his PAGA claim due to the settlement of his individual claims. [4]

Judgment was entered stating that the trial court had corrected the final award and confirmed it as corrected.  The judgment stated that, notwithstanding Geiger's monetary award, his individual claims were dismissed with prejudice and his PAGA claim was dismissed without prejudice.

Geiger appealed.

DISCUSSION

I.

*We Reverse the Portion of the Judgment Dismissing Geiger's PAGA Claim.*

In his appellate opening brief, Geiger argues the trial court erred by dismissing his PAGA claim on the ground Geiger lacked standing to pursue that claim as an aggrieved employee after agreeing to settle his individual claims.  After judgment was entered in this case, the California Supreme Court decided *Kim, supra*, 9 Cal.5th at page 80 in which it held that an aggrieved employee's settlement of individual claims does not strip that employee of standing, as the state's authorized representative, to pursue a claim under PAGA.  In the respondent's brief, Floyd's "agrees reversal on this issue is

---

[3]  The trial court also corrected the final award to clarify in paragraph 3, "the total amount of $24,827.29, consisting of an agreed amount to [Geiger] of $10,000 plus $12,500 in adjudicated reasonable costs" to "the total amount of $24,827.29, consisting of an agreed amount to [Geiger] of $10,000 plus $12,500 in adjudicated reasonable attorney fees and $2,327.29 in adjudicated reasonable costs."  The parties do not challenge this correction in this appeal.

[4]  The trial court also stated in its minute order that based on *Epic Systems Corp. v. Lewis* (2018) __ U.S. __ [138 S.Ct. 1612, 200 L.Ed.2d 889], Geiger's waiver of class claims in his arbitration agreement with Floyd's was enforceable and "his stayed class claims must therefore be dismissed without prejudice."  The court's ruling dismissing Geiger's stayed class claims is not at issue in this appeal.

6

warranted" in light of the Supreme Court's decision in *Kim*. We therefore reverse the portion of the judgment dismissing Geiger's PAGA claim and remand for further proceedings on the PAGA cause of action.

II.

*The Trial Court Did Not Err by Correcting the Final Award to Strike the Arbitrator's Statement that Geiger Was the Prevailing Party.*

Geiger argues the trial court erred by correcting the final award to remove the reference to Geiger being the prevailing party. We disagree.

"The California Arbitration Act (Code Civ. Proc., § 1280 et seq.) and the Federal Arbitration Act (9 U.S.C. § 10 et seq.) provide limited grounds for judicial review of an arbitration award. . . . An award may be corrected for (1) evident miscalculation or mistake; (2) *issuance in excess of the arbitrator's powers*; or (3) imperfection in the form. (Code Civ. Proc., § 1286.6; 9 U.S.C. § 11.)" (*Richey v. AutoNation, Inc.* (2015) 60 Cal.4th 909, 916, italics added.)

Here, the parties agreed to the terms of Floyd's section 998 offer to compromise which provided Geiger would dismiss his individual claims, with prejudice, in exchange for (1) $10,000 and (2) the "reasonable attorney fees and costs for fees and costs actually incurred in the prosecution of [Geiger]'s individual claims under which attorney fees and costs may be recovered as of the date of [the] Offer to Compromise, subject to a reasonableness/good faith determination by the Arbitrator according to proof." The settlement agreement shows the arbitrator was not charged with determining whether Geiger was *entitled* to attorney fees and costs because the parties therein had already agreed he was entitled to reasonable attorney fees and costs that were actually incurred in good faith for statutory claims under which attorney fees are recoverable. Instead, the settlement agreement shows the arbitrator was charged with deciding a single issue—the *amount* of attorney fees and costs that should be awarded.

7

Geiger's motion for final award and attorney fees and costs included the argument that he was entitled to attorney fees and costs as the prevailing party which explains why the arbitrator might have included such language in the final arbitration award. The inclusion of such argument, however, does not change the fact that Geiger's entitlement to such an award had already been resolved in the settlement agreement which also contains the "express understanding" Floyd's denies "any liability" with regard to Geiger's claims.

Geiger argues the issue of his entitlement to attorney fees and costs was before the arbitrator. In his appellate reply brief, Geiger argues: "The determination of attorneys' fees by the Arbitrator necessarily involved the issue whether Appellant was entitled to fees under the various Labor Code claims alleged. This is true, because to recover fees under the Labor Code claims alleged, there must be both a fee-shifting basis and Appellant must be the prevailing employee on that Labor Code claim. As such, the 998 offer also contemplates that Appellant would only recover the attorneys' fees allowable by law." Geiger further argues: "Thus, the Arbitrator was required to determine both the entitlement to attorneys' fees and the amount of reasonable fees to be recovered, which necessarily includes the finding as to whether Appellant was a prevailing employee under Cal. Labor Code §§ 226, 1194, and/or 2802."
But the arbitrator did not need to decide whether Geiger prevailed on any particular claim—under the parties' settlement agreement, Geiger was entitled to the amount of attorney fees and costs he actually and reasonably incurred for claims based upon statutes that award an employee attorney fees and costs, period.

In contrast to his argument on appeal, in his motion for final award and attorney fees and costs, Geiger acknowledged: "There can be no dispute that the final award should award [Geiger] $10,000 plus reasonable attorney fees and costs. The *only* dispute will be the *amount* of fees and costs to be award[ed]." (Italics added.)

8

The arbitrator's statement in the final award that Geiger was the prevailing party for having obtained a net monetary recovery was not only outside the scope of the single issue the parties agreed should be decided by the arbitrator, it inaccurately described the settlement agreement that conferred upon the arbitrator his powers in this case. Here, Geiger was entitled to an attorney fees and costs award by virtue of the parties' settlement agreement and not by operation of any statutory prevailing party analysis.

Furthermore, contrary to Geiger's argument in his appellate briefs, correction of the final award on this point did not constitute a correction of the arbitrator's mistake of fact or law. (See *Moncharsh v. Heily & Blase* (1992) 3 Cal.4th 1, 10.) The trial court corrected the arbitrator's statement as an act in excess of the powers conferred upon the arbitrator as defined by the settlement agreement. (See Code Civ. Proc., § 1286.2, subd. (a).)

Geiger argues the trial court erred by *correcting* the final award because its correction affected the merits of the arbitrator's decision. He argues that unless the arbitrator first determined Geiger was the prevailing party under Labor Code sections 226, 1194, and 2802, he could not have awarded Geiger attorney fees because Geiger is not "legally allowed to recover attorneys' fees merely because he is a litigant." Geiger's argument fails because, as discussed *ante*, his entitlement to attorney fees was not based on his success on the merits of any claim and concomitant prevailing party analysis, but based on the parties' settlement agreement providing he could recover attorney fees he actually and reasonably incurred in connection with those alleged claims which authorize an attorney fees award.

In any event, even if the trial court's correction of the final award on this point constituted error, which it did not, Geiger failed to explain in the trial court and fails to explain in this appeal how any such error was prejudicial.

9

## DISPOSITION

The portion of the judgment dismissing Geiger's PAGA claim is reversed and the matter is remanded to the trial court for further proceedings on the PAGA claim. The remainder of the judgment is affirmed. In the interest of justice, neither party shall recover costs on appeal.


FYBEL, ACTING P. J.

WE CONCUR:


IKOLA, J.


GOETHALS, J.