Filed 10/6/21  Kabiling v. Lithia Motors CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| MAI KABILING, | B305901 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC720430) |
| v. | |
| LITHIA MOTORS, INC., et al., | |
| Defendants and Respondents. | |

APPEAL from an order of the Superior Court of Los Angeles County, William F. Fahey, Judge.  Affirmed.

Lyon Law and Geoffrey C. Lyon for Plaintiff and Appellant.

WFBM and Kellie Christianson for Defendants and Respondents.

\* \* \* \* \* \*

Mai Kabiling (appellant) appeals from an order denying her motion to vacate an arbitration award entered after a binding arbitration proceeding on appellant's claims for discrimination, wrongful termination, and harassment against Lithia Motors, Inc. (Lithia), and Ania Ryndak (collectively respondents). Appellant has failed to set forth grounds for vacating the award under Code of Civil Procedure section 1286.2.[1]  Therefore, we affirm the order.

## FACTUAL BACKGROUND

Appellant first began working at Downtown L.A. Motors Mercedes Benz (DTLAMB) in 1985.  Appellant's position from approximately 2007 until March 2018 was business office manager.  Appellant was employed under the direct supervision of Ryndak.  In approximately August 2017, DTLAMB was purchased by Lithia.  Like other DTLAMB employees, appellant began her employment with Lithia on or about August 7, 2017.  Appellant's employment was "at will."  Lithia reserved its right to terminate employment at will and demote at will.

Lithia is a publicly traded company subject to multiple mandates based on the Sarbanes-Oxley Act of 2002 (15 U.S.C. § 7201 et seq.).  As such, business managers are responsible for the accuracy of books and records.  Business managers reported directly to Lithia's vice president of dealership, Jodi Rasor.  Lithia provided training to its business managers after the acquisition.

---

[1]     All further statutory references are to the Code of Civil Procedure unless otherwise noted.

Rasor had concerns about appellant's ability to use the new computer accounting programs. Appellant seemed to be struggling to navigate the programs efficiently. Rasor, who personally evaluated the financial statements, also had concerns regarding the accuracy of the DTLAMB financial statements. She noted an unexpected $60,000 adjustment in appellant's financial statements for December 2017.

Human resources director, Marilyn Dyson, testified that prior to March 9, 2018, Ryndak contacted her regarding appellant. Ryndak informed Dyson that appellant was not keeping up with her work and Ryndak was looking for suggestions as to what could be done. Dyson suggested that Ryndak demote appellant or find another position for her within the company. Dyson testified that Ryndak used the words "retire" and "aging out" during the conversation. However, severance was not discussed during their conversation. Dyson focused on finding other suitable positions for appellant within the company as she "had been there for so long [Dyson] couldn't even imagine letting her go."

On Friday, March 9, 2018, Lithia arranged a meeting between appellant and Ryndak to explain to appellant that they were going to have to demote her. The decision to demote was Rasor's, not Ryndak's. Ryndak offered appellant a choice of three alternate positions within the company.

Appellant stated that she would like to take the weekend to consider the options. Appellant never returned to DTLAMB. Instead, she registered a complaint of discrimination. She initiated a medical leave of absence, then obtained alternate employment with a different car dealership.

During Lithia's investigation of appellant's complaint, Ryndak provided information that the general manager wanted appellant in a different position because appellant could not keep up with the work, did not understand basic accounting, and did not know the computer programs even after being taught. Ryndak stated that appellant had been "constantly making comments about retiring at the age of 62" and "all [Ryndak] said to her was, 'It's not such a bad thing you are looking to retire soon anyways.'" When appellant suggested she was being fired because she was old, Ryndak responded "its not because you are old, it's because the requirements for the position have changed, it has nothing to do with your age." Ryndak admitted to saying, "Do you really want to spend a lot of time learning at this stage of your career?" Ryndak insisted that she did not say anything wrong about age during the conversation, but she was informed by the investigator that regardless of whether the employee brings up age, it is not appropriate to discuss at work.

After appellant's departure, Lithia hired Lisa Metcalf to replace appellant in the business manager position. Metcalf was 54 at the time she took the job, which was approximately one year younger than appellant.

Lithia had its employee relations department conduct a thorough investigation of appellant's complaint of age discrimination. Lithia also kept in contact with appellant regarding her leave of absence. Appellant never responded to any of Lithia's communications. Approximately four months after her demotion meeting, appellant's employment was terminated for job abandonment.

# PROCEDURAL HISTORY

**Trial court proceedings**

On September 4, 2018, appellant filed her complaint against respondents. Appellant asserted causes of action for termination in retaliation for opposing age harassment, disability discrimination, medical leave retaliation, medical leave discrimination, age discrimination, age harassment, wrongful termination, and failure to stop discrimination and retaliation under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12940 et seq.). Appellant also claimed whistleblower retaliation and wrongful termination under Labor Code section 1102.5.

On October 5, 2018, respondents answered the complaint. The answer included an affirmative defense asserting that there existed a binding arbitration agreement between the parties, the terms of which required the matter to be submitted to an arbitrator.

On November 5, 2018, respondents filed their motion to compel binding arbitration. The motion was based on the arbitration agreement signed by appellant on August 23, 2017, shortly after appellant began working as an employee of Lithia. By signing the agreement, appellant agreed that any "claim, dispute, and/or controversy" that she may have against the company "shall be submitted to and determined exclusively by binding arbitration." Appellant expressly agreed to the binding arbitration provision and gave up her rights to a trial by jury.

On December 7, 2018, the trial court granted respondents' motion to compel binding arbitration and stay the court action.

**Arbitration**

The arbitration hearing was held on November 18, 19, and 20, 2019. The arbitrator heard testimony from 10 witnesses and received 69 exhibits into evidence. The arbitrator also heard closing arguments and reviewed postarbitration briefing from both sides.

On January 3, 2020, the arbitrator issued a comprehensive written decision in favor of respondents on all of appellant's causes of action. The arbitrator found that Lithia was "an at-will employer, and that it reserved not only its right to terminate employment at will, but also to demote at will." The written decision described problems with appellant's performance in the role of business manager, including an unexpected $60,000 accounting discrepancy that threatened to compromise the credibility of Lithia's financial information. The arbitrator further found that the decision to demote appellant was "wholly Jodi Rasor's decision, not Ania Ryndak's."

The arbitrator found that on Friday, March 9, 2018, Lithia arranged a meeting between appellant and Ryndak to explain to appellant that they were going to have to replace her in the role of business manager. Ryndak told appellant that her salary would continue through May 1, 2018, in order to give her time to make adjustments to her finances and expenses. Ryndak offered appellant her choice of three alternate positions within the company. Appellant stated that she would like the weekend to think it over, but never returned to DTLAMB. Instead of choosing one of the three positions offered her, appellant filed a complaint that she was being harassed and discriminated against, and initiated a medical leave of absence. Appellant received disability benefits through April 12, 2018, and obtained

6

work at a different dealership shortly thereafter. Approximately four months after her demotion meeting, appellant's employment was terminated for job abandonment.

The arbitrator found that appellant's age was not a substantial motivating reason for Lithia's decision to demote appellant or terminate her employment. First, the individual that Lithia hired to assume business manager duties upon appellant's departure was only one year younger than appellant. Further, Lithia demoted appellant due to her poor performance. The arbitrator specifically found that "[t]here are no facts that would suggest that Rasor's decision was based on anything other than [appellant's] inability to perform her duties." Finally, Lithia conducted a thorough investigation of appellant's complaint and appropriately kept in touch with appellant throughout her leave of absence. In short, the arbitrator found that based on the facts presented during the arbitration proceeding, appellant failed to establish any of her causes of action against respondents.

**Postarbitration proceedings**

On January 17, 2020, respondents filed their motion to confirm the arbitration award pursuant to sections 1285 and 1287.4.

On January 27, 2020, appellant filed her opposition to the petition to confirm and cross-petition to vacate the arbitration award (petition to vacate). In the petition to vacate, appellant argued that the arbitration award violated a public policy statute as a matter of law. Appellant additionally argued that the arbitrator did not correctly decide the facts of the case and that she was terminated or demoted for discriminatory reasons. Further, appellant argued that the criticisms of appellant's work were false pretexts for discrimination. Finally, appellant argued

7

that the arbitrator erred in failing to perform a mixed-motive analysis.

On February 25, 2020, the trial court issued a ruling denying appellant's petition to vacate. The court stated: "The Court finds that [appellant] is seeking an improper do-over of the arbitration."

On March 16, 2020, the trial court entered an order confirming the arbitration award as a judgment.

On April 22, 2020, appellant filed her notice of appeal from the order after judgment.

## DISCUSSION

### I. Applicable law and standard of review

Unless there is a specific statutory ground to vacate or correct an arbitration award, "it is the general rule that, with narrow exceptions, an arbitrator's decision cannot be reviewed for errors of fact or law." (*Moncharsh v. Heily & Blase* (1992) 3 Cal.4th 1, 11 (*Moncharsh*).) This is true even when those errors appear on the face of the award or cause substantial injustice to the parties. (*Richey v. AutoNation, Inc.* (2015) 60 Cal.4th 909, 916 (*Richey*).)

Judicial review of an arbitration award is limited to those cases in which there is a statutory ground to vacate or correct the award. (*Moncharsh, supra*, 3 Cal.4th at p. 27.) Section 1286.2 provides that a court shall vacate an arbitration award if the court determines any of the following:

(1)     The award was procured by corruption, fraud, or other undue means.

(2)     There was corruption in any of the arbitrators.

8

(3)     The rights of the party were substantially prejudiced by the misconduct of a neutral arbitrator.

(4)     The arbitrators exceeded their powers and the award cannot be corrected without affecting the merits of the decision upon the controversy submitted.

(5)     The rights of the party were substantially prejudiced by the refusal of the arbitrators to postpone the hearing upon sufficient cause being shown therefor or by the refusal of the arbitrators to hear evidence material to the controversy or by other conduct of the arbitrators contrary to the provisions of this title.

(6)     An arbitrator making the award either (A) failed to disclose within the time required for disclosure a ground for disqualification of which the arbitrator was then aware or (B) was subject to disqualification upon grounds specified in section 1281.91 but failed upon receipt of timely demand do disqualify himself or herself as required by that provision.  However, this provision does not apply to arbitration proceedings conducted under a collective bargaining agreement between employers and employees or between their respective representatives.  (§ 1286.2, subd. (a)(1)-(6).)[2]

"Arbitrators may exceed their powers by issuing an award that violates a party's unwaivable statutory rights or that contravenes an explicit legislative expression of public policy." (*Richey, supra,* 60 Cal.4th at p. 916.)  However, ""[a]rbitrators do not ordinarily exceed their contractually created powers simply

---

[2]     Section 1286.6 provides for correction of an arbitration award where there is an "obvious and easily correctable mistake in the award." (*Moncharsh, supra*, 3 Cal.4th at p. 13.)  Section 1286.6 is not applicable in this case.

by reaching an erroneous conclusion on a contested issue of law or fact, and arbitral awards may not ordinarily be vacated because of such error . . . ."'" (*Id.* at p. 917.) Cases holding that an arbitrator has issued an award in violation of a party's unwaivable statutory rights include, for example, the misapplication of a tolling statute that deprived an individual of a hearing on the merits of his FEHA claim. (*Id.* at p. 918, citing *Pearson Dental Supplies, Inc. v. Superior Court* (2010) 48 Cal.4th 665, 670 (*Pearson*).) The *Pearson* court explained that when the arbitration agreement at issue is "an adhesive arbitration agreement that an employer imposes on the employee as a condition of employment," an arbitration of FEHA claims must be held to certain minimum requirements. (*Id.* at p. 677.) Those minimal requirements are "'(1) the arbitration agreement may not limit the damages normally available under the statute [citation]; (2) there must be discovery "sufficient to adequately arbitrate their statutory claim" [citation]; (3) there must be a written arbitration decision and judicial review "'sufficient to ensure the arbitrators comply with the requirements of the statute'" [citation]; and (4) the employer must "pay all types of costs that are unique to arbitration" [citation].'" (*Ibid.*) In *Pearson*, review of the arbitrator's decision was justified under the third requirement, mandating judicial review to ensure that the arbitrator had complied with the requirements of FEHA.

The *Pearson* court declined to find all legal errors reviewable in this context, instead expressly stating a narrow rule that "when . . . an employee subject to a mandatory employment arbitration agreement is unable to obtain a hearing on the merits of his FEHA claims . . . because of an arbitration award based on legal error, the trial court does not err in

10

vacating the award." (*Pearson, supra*, 48 Cal.4th at pp. 679-680.) The *Pearson* court pointed out that it was "difficult to imagine a more paradigmatic example of when 'granting finality to an arbitrator's decision would be inconsistent with the protection of a party's statutory rights' [citation] than the present case, in which, as a result of allowing the procedural error to stand, and through no fault of the employee or his attorney, the employee will be unable to receive a hearing on the merits of his FEHA claims *in any forum*." (*Id.* at p. 680.) The arbitrator whose legal error has barred an employee from a hearing on the merits of his FEHA claim has exceeded his or her powers within the meaning of section 1286.2, subdivision (a)(4). (*Pearson*, at p. 680.)

However, when the parties have received a full hearing on the merits, it is "'within the power of the arbitrator to make a mistake either legally or factually. When parties opt for the forum of arbitration they agree to be bound by the decision of that forum knowing that arbitrators, like judges, are fallible.'" (*Moncharsh, supra*, 3 Cal.4th at p. 12.) The question of whether an arbitrator exceeded his powers (§ 1286.2, subd. (a)(4)), and whether an arbitration award should be vacated on that basis, is generally reviewed de novo. (*Richey, supra*, 60 Cal.4th at p. 918, fn. 1.)

## II. The arbitrator's decision did not contravene unwaivable statutory rights or expressions of public policy

Appellant does not cite section 1286.2 in either of her briefs, nor does she discuss the legal framework for our review of the arbitrator's decision in this matter. Instead, appellant cites cases observing the rule that an arbitrator exceeds his or her powers if the arbitration award contravenes an unwaivable

11

statutory right or an explicit legislative expression of public policy.[3] However, appellant does not cite a case finding this rule applicable where, as here, an arbitrator made a factual determination after a full hearing that no harassment, retaliation or discrimination occurred. An arbitrator does not contravene an unwaivable statutory right or legislative expression of public policy by making factual findings adverse to a party.

Ignoring the arbitrator's factual findings, appellant asserts that the arbitrator's award must be vacated because it contravenes FEHA and Labor Code policies against terminating an employee for opposing age harassment and retaliation. (Citing Gov. Code, §§ 12920, 12940, subd. (h); Lab. Code, § 1102.5.) Appellant insists that age harassment, discrimination and retaliation are all prohibited by public policy statutes, therefore the arbitrator's decision in this matter was in excess of his powers. Appellant recites many pages of factual support for her position that her causes of action for discrimination, harassment and retaliation should have prevailed.

Appellant fails to address the general rule that an arbitrator's decision cannot be reviewed for errors of fact or law. (*Moncharsh, supra*, 3 Cal.4th at p. 11.) While appellant cites numerous cases setting forth the rule that an arbitrator's decision cannot exceed his or her powers, appellant fails to address the fundamental underlying problem with her appeal— she takes the position that the arbitrator's factual findings were incorrect.

---

[3] *Ahdout v. Hekmatjah* (2013) 213 Cal.App.4th 21, 33; *Jordan v. Department of Motor Vehicles* (2002) 100 Cal.App.4th 431, 443-444; *Ling v. P.F. Chang's China Bistro, Inc.* (2016) 245 Cal.App.4th 1242, 1252; *Richey, supra*, 60 Cal.4th at page 916.

We may not review the evidence underlying the arbitrator's factual determination that appellant failed to establish any of her causes of action. The arbitrator found that appellant was an at-will employee who was demoted based on her "underperformance." Appellant was offered alternative positions at Lithia but never accepted any such position. In addition, she was replaced by an individual only one year younger. These final, binding factual findings do not support appellant's position that the arbitrator's decision contravened an unwaivable statutory right or public policy.

The arbitrator's factual conclusion that respondents did not violate any laws against discrimination, harassment, or retaliation is binding and is not reviewable by this court. (*Moncharsh, supra*, 3 Cal.4th at p. 11.) The arbitrator did not exceed his power by reaching these factual conclusions after a full hearing on the merits of appellant's claims.

Appellant has failed to provide a ground for vacating the arbitration award.

## III. Contravention of an unwaivable statutory right or public policy is a narrow exception inapplicable here

As set forth above, appellant has failed to provide authority in which an arbitrator was held to have exceeded his or her powers by rendering a decision on the facts that was adverse to the employee. Below we address the cases cited by appellant to illustrate the inapplicability of the exception appellant relies on in this appeal.

In *Department of Personnel Administration v. California Correctional Peace Officers Assn.* (2007) 152 Cal.App.4th 1193, the dispute concerned a written collective bargaining memorandum of understanding (MOU) between the parties. (*Id.*

13

at p. 1196.)  Pursuant to the Ralph C. Dills Act (Gov. Code, § 3512 et seq.) the MOU had been submitted to the Legislature for approval.  (*Department of Personnel Administration*, at p. 1197.)  In resolving the dispute between the parties, the arbitrator altered the terms of the MOU.  (*Id.* at p. 1199.)  Under the circumstances of reforming the written MOU in a manner that changed the provisions approved by the Legislature, the arbitrator violated the Dills Act and the important public policy of legislative oversight of employee contracts.  Thus, the arbitrator exceeded her powers, and the arbitration award was properly vacated.  (*Department of Personnel Administration*, at p. 1203; see *California Statewide Law Enforcement Assn. v. California Department of Personnel Administration* (2011) 192 Cal.App.4th 1, 16 [holding that "to the extent that the arbitrator's award mandates that the agreement be enforced without unequivocal legislative approval, it violates public policy for the same reasons as in [*Department of Personnel Administration*]*, supra,* 152 Cal.App.4th 1193"].)

In *Ling v. P.F. Chang's China Bistro, Inc., supra*, 245 Cal.App.4th 1242, a former employee brought wage and hour claims against her former employer.  The arbitration award granted attorney fees to the defendant employer although the relevant statute contained an explicit legislative declaration that employers not recover attorney fees in overtime actions.  (*Id.* at pp. 1254-1255.)  The appellate court agreed with the trial court's determination that the arbitration award had to be vacated, stating that "an employee's statutory claims are arbitrable under mandatory employment arbitration agreements provided the employee does not surrender unwaivable statutory rights,

14

including protection from certain attorney fees and costs awards." (*Id.* at p. 1256.)

In *Aldea Dos Vientos v. CalAtlantic Group, Inc.* (2020) 44 Cal.App.5th 1073, review denied June 10, 2020, S261262, a condominium's covenants, conditions and restrictions contained a provision requiring 51 percent of the homeowners association to vote to initiate arbitration. This provision violated both the Davis-Stirling Common Interest Development Act (Civ. Code, § 4000 et seq.) and recent legislation barring developers from using such provisions as a defense against the claims of condominium associations. (*Aldea Does Vientos*, at pp. 1078-1079.) Under the circumstances, the arbitrator's enforcement of the provision violated explicit legislative expressions of public policy. (*Id.* at p. 1079.)

In *Jordan v. California Department of Motor Vehicles, supra*, 100 Cal.App.4th 431, the court held that an award of over $88 million in public funds pursuant to statutory authority for an arbitration of an $18 million dispute was an unconstitutional gift of public funds in violation of Revenue and Taxation Code section 6909, subdivision (b), as well as the public policy set forth in article XVI, section 6 of the California Constitution. (*Jordan*, at p. 438.)

*Ahdout v. Hekmatjah, supra*, 213 Cal.App.4th 21 involved a petition to vacate an arbitration award that allowed respondents to keep compensation they received for contracting work, despite being unlicensed. (*Id.* at p. 28.) The Contractors State License Law (Bus. & Prof. Code, § 7000 et seq.) provided strict and harsh penalties for a contractor's failure to maintain proper licensure in order to protect the public. (*Ahdout*, at p. 30.) Thus, the *Ahdout* court determined that the licensing laws constituted explicit

15

legislative expressions of public policy regarding unlicensed contractors, therefore the general prohibition of judicial review of arbitration awards did not apply. (*Id.* at p. 38.) The appellate court reversed and remanded to the trial court for a de novo review of the evidence to determine whether disgorgement of profit for violation of the licensing laws was required. (*Id.* at p. 39.)

In *City of Palo Alto v. Service Employees Internat. Union* (1999) 77 Cal.App.4th 327, the city obtained a stay-away injunction against, and terminated, an employee who threatened to shoot a coworker and the coworker's family. (*Id.* at p. 330.) An arbitrator's award ordering the city to reinstate the employee conflicted with the court-ordered injunction against the employee. The arbitration award thus violated the public policy requiring obedience to court orders. The court reversed the order confirming the arbitration award and denying the petition to vacate the award. (*Ibid.*)

In *Sargon Enterprises, Inc. v. Browne George Ross LLP* (2017) 15 Cal.App.5th 749, the court corrected a portion of an arbitration award contrary to the public policy that parties to an arbitration agreement have the right to initiate litigation in court. (*Id.* at p. 768.) The arbitrator's decision had the effect of depriving a party of a statutory right, "namely, the right . . . [citation] to test *in court* the validity and enforceability of an arbitration agreement before submitting to arbitration." (*Id.* at p. 770.)

More recently, in *Brown v. TGS Management Co., LLC* (2020) 57 Cal.App.5th 303, a former employee initiated arbitration against his former employer, seeking declaratory and injunctive relief based on challenges to the validity of a

16

noncompetition agreement, among other things. The arbitrator rendered a decision against the former employee, and the trial court affirmed. However, the Court of Appeal reversed, holding that the arbitration award conflicted with the employee's right to work in his chosen profession, as set forth in section 16600 of the Business and Professions Code. (*Brown, supra*, at pp. 314-320.)

As the above cases demonstrate, the ability of a court to vacate or correct an arbitration award on the ground that the award contravened an unwaivable statutory right or public policy is limited to narrow situations where a specific procedural right or substantive law was violated. No such violation occurred in this case. While appellant is correct that the antidiscrimination laws and antiharassment laws present important statutory rights and explicit expressions of public policy, appellant does not have an unwaivable right to prevail in her case if the facts do not support her claims. Appellant received a full and fair hearing, and she failed to prevail on her claims. This outcome does not deprive her of an unwaivable right, nor does it violate public policy.

## IV. Appellant's remaining arguments fail to present a reviewable issue

Appellant argues that her termination constituted discrimination as a matter of law because her opposition to the age harassment she suffered was protected under Government Code section 12940, subdivision (h). Appellant states that the arbitrator's award, "not even acknowledging the contemporaneous documentary evidence and testimony the ageist remarks were made, and finding no such conduct led to the decision to terminate [appellant], contravenes FEHA public policy statute [*sic*] and must be vacated." Contrary to appellant's

17

position, the arbitrator "carefully listened to the ten (10) witnesses called to testify; . . . received into evidence sixty-nine (69) exhibits as well as the certified reporters transcripts of the entire proceedings," and reviewed substantial briefing from both parties. There is no suggestion that the proceeding was improper in any way. Appellant only challenges the arbitrator's factual conclusions issued after the hearing. The arbitrator's factual decision that appellant failed to prove her claims is not reviewable, and we decline to discuss the evidence in detail. (*Moncharsh, supra*, 3 Cal.4th at p. 11.)

Appellant cites *Harris v. City of Santa Monica* (2013) 56 Cal.4th 203, 211 (*Harris*), for the proposition that, where there is evidence of both a discriminatory and a nondiscriminatory motive for an employee's termination, the trier of fact must determine whether the employer would have terminated the employee at the time for the nondiscriminatory reason even if the discriminatory motive were not present. *Harris* involved a jury trial in which the court declined to give the city's proposed mixed-motives defense instruction. (*Id.* at p. 213.) The court held that an employer is entitled to a mixed-motive instruction where it proves that it would have made the same employment decision absent discrimination; however, the employer cannot fully escape liability for the unlawful discrimination. (*Id.* at p. 211.)

*Harris* is inapplicable. The present matter did not involve a jury trial or jury instructions. Further, the arbitrator ruled unequivocally that "Rasor demoted [appellant] based on her underperformance." The arbitrator did not find any discriminatory motivation for appellant's demotion or termination. Therefore, there was no reason for a mixed-motive

18

analysis. Again, we do not review the arbitrator's factual findings. (*Moncharsh, supra*, 3 Cal.4th at p. 11.)[4]

Appellant cites Government Code section 12940, subdivision (k), which requires that an employer "take all reasonable steps necessary to prevent discrimination and harassment from occurring." Appellant makes the factual argument that Rasor did not counsel Ryndak against making ageist remarks. Thus, appellant argues, Lithia failed to prevent harassment as a matter of law. Appellant wrongly categorizes the arbitrator's factual finding as a legal finding. The arbitrator found that appellant failed to prove her claims, including her claim for failure to prevent harassment. We do not review this factual finding. (*Moncharsh, supra*, 3 Cal.4th at p. 11.)

Finally, appellant claims that the arbitrator erred in declining to rule in her favor on her whistleblower retaliation claim under Labor Code section 1102.5. Appellant argues that because the arbitrator did "not even acknowledge the evidence of ageist remarks," there cannot have been a reasoned award on this claim. Appellant argues that the arbitrator "never determined" whether there was sufficient evidence that appellant's termination was substantially motivated by age.

---

[4] Appellant argues that if age was a substantial motivating reason for the termination, but appellant would have been terminated regardless for performance reasons, *Harris* mandates that appellant may not be entitled to damages but may be entitled to attorney fees and costs. (*Harris, supra*, 56 Cal.4th at p. 211.) The arbitrator in this matter did not find that age was a substantial motivating reason for appellant's termination. Instead, the arbitrator found that appellant was demoted exclusively for underperformance. Thus, the rule set forth in *Harris* regarding attorney fees and costs is also inapplicable.

On the contrary, the arbitrator did decide these issues. The arbitrator decided against appellant on all of her causes of action against respondents, including her claims for Labor Code violations and discrimination. The arbitrator's factual findings are binding on appellant and will not be reviewed further. (*Moncharsh, supra*, 3 Cal.4th at p. 11.)

## DISPOSITION

The order is affirmed. Respondents are awarded their costs of appeal.

_____

CHAVEZ, J.

We concur:

_____

LUI, P. J.

_____

ASHMANN-GERST, J.